1  Jeffrey S. Renzi (State Bar # 221963)
   Squire, Sanders & Dempsey L.L.P.
2  555 South Flower, 31st Floor
   Los Angeles, CA 90071
3  Telephone:  +1.213.624.2500
   Facsimile:  +1.213.623.4581
4
   Attorneys for Defendant
5  4ACCESS COMMUNICATIONS COMPANY

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                 '07 CV 2346 L JMA

11  LARRY BASSEL and BARBARA          Case No. _____
    BASSEL,
12                                    **NOTICE OF REMOVAL**
                 Plaintiffs,
13                                    *[Appendix of Non-Federal Authorities Filed
         vs.                          Concurrently herewith]*
14
    4ACCESS COMMUNICATIONS CO. and    *REMOVED FROM:*
15  DOES 1 through 10,
                                      San Diego Superior Court
16               Defendants.          Case No. 37-2007-76081-CU-OE-CTL

17

18

19

20

21

22

23

24

25

26

27

28

                          ORIGINAL

FILED

07 DEC 17 AM 10: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1    TO:    Clerk of Court

2    United States District Court for the Southern District of California

3          Defendant 4Access Communications Company ("4Access") hereby removes this civil

4    action from the Superior Court of California, County of San Diego to the United States District

5    Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. In support

6    of this notice of removal, 4Access states:

7          1.       On October 2, 2007, Plaintiffs Larry Bassel and Barbara (Frezza) Bassel) filed a

8    civil action against 4Access in the Superior Court of California, San Diego County, assigned

9    Central Division case number 37-2007-76081-CU-OE-CTL, and captioned *LARRY BASSEL and*

10   *BARBARA BASSEL vs. 4ACCESS COMMUNICATIONS CO. AND DOES 1 through 10* (the

11   "State Court Acton"). 4Access has received the following papers in the State Court Action:

12                 a.     A complaint filed in the State Court Action (the "State Court Complaint")

13                        and a summons, true and correct copies of which are attached hereto as Exhibit 1.

14                 b.     A Declaration of Barbara M. Frezza, Supporting Certificate of Progress

15                        and Requesting Extension on of Time to File Certificate of Service (the "Frezza

16                        Declaration"), a true and correct copy of which is attached hereto as Exhibit 2.

17         2.       This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 on the basis that

18   there is complete diversity of citizenship between the parties and the amount in controversy

19   exceeds $75,000 exclusive of interest and costs. Accordingly, 4Access removes this action to this

20   Court pursuant to 28 U.S.C. §§ 1441 and 1446.

21                            **Citizenship of the Parties**

22         3.       Plaintiffs are citizens of California. (State Court Complaint, ¶ 2.)

23         4.       4Access is an Illinois corporation with its principal place of business in Chicago,

24   Illinois. (Declaration of Joseph E. Heery attached hereto as Exhibit 3.)

25         5.       Complete diversity of citizenship exists between the parties pursuant to 28 U.S.C.

26   § 1332.

27                            **Amount in Controversy**

28         6.       Plaintiffs allege in the State Court Complaint that 4Access breached a contract of

1   employment with Larry Bassel, which in turn constitutes a violation of Section 201 of the

2   California Labor Code, committed a fraud and made certain misrepresentations concerning

3   continuation of group health insurance coverage, and otherwise engaged in unfair business acts or

4   practices within the meaning of Section 17200 of the California Business and Professions Code.

5   As a result of 4Access's alleged conduct, Plaintiffs seeks compensatory damages, punitive

6   damages, and attorneys fees.

7          7.     Plaintiffs do not specify the total amount they seek in the State Court Acton.

8   However, based on the allegations in the State Court Complaint, it is apparent that the amount of

9   damages sought by Plaintiffs, and, therefore, the amount in controversy, exceeds $75,000 for the

10  following reasons:

11               a.     In the first cause of action in the State Court Complaint, Plaintiffs contend

12        the damages from 4Access's alleged breach of contract exceeds the minimum

13        jurisdiction of the state court.  (State Court Complaint, ¶ 22.)  The State Court

14        Action is an unlimited civil case, so the minimum jurisdiction of the State Court is

15        $25,000.00.  *See* Cal. Code. Civ. Proc. §§ 85, 88 (2007).  Thus, the amount at issue

16        for Plaintiffs' first cause of action exceeds $25,000.00.

17               b.     In the second cause of action, Plaintiffs claim a violation of California

18        Labor Code § 201.  If Plaintiffs prevail, in addition to any damages and/or

19        penalties, Plaintiffs may also receive attorneys fees.  (State Court Complaint, ¶ 22.)

20               c.     In the third cause of action, Plaintiffs claim damages exceeding $8,000

21        (State Court Complaint, ¶ 46), and punitive damages to be determined at trial

22        (State Court Complaint, ¶ 47.)

23               d.     Plaintiffs, in their sixth cause of action, seek "disgorgement" and

24        "restitution" pursuant to California Business & Professions Code § 17200, *et seq.*,

25        from 4Access, on behalf of the general public.  Such disgorgement and restitution

26        would likely exceed $75,000, so the jurisdictional amount in controversy set forth

27        in 28 U.S.C. § 1332(a) is satisfied on this ground alone.  *See Mangini v. R.J.*

28        *Reynolds Tobacco Co.*, 793 F. Supp. 925, 928 (N.D. Cal. 1992).

## Procedural Requirements

8.    Plaintiffs filed the State Court Complaint on October 2, 2007, and thereafter attempted to serve the State Court Complaint and summons on 4Access via U.S. Mail.  Plaintiffs acknowledge that as of November 30, 2007, they had not completed service of the summons and complaint on 4Access.  (Freeza Declaration, ¶ 13.)  4Access executed its acknowledgement and receipt of the complaint and summons on December 12, 2007, and pursuant to California Code of Civil Procedure Section 415.30(c), service was complete on that date.  A true and correct copy of the executed Notice and Acknowledgement of Receipt is attached hereto as Exhibit 4.  As such, this Notice of Removal is timely because it was filed within one year of the filing of the underlying State Court Action on October 2, 2007 and it was filed within 30 days of service of the summons and complaint on December 12, 2007.

9.    Exhibits 1 and 2 constitute all of the process, pleadings, and orders served upon or received by 4Access in the State Court Action.

10.    Written notice of filing of this Notice of Removal will be given to Plaintiffs promptly after the filing of this Notice, and a copy will be filed with the Superior Court of California, San Diego County, Central Division promptly after filing this Notice.

For these reasons, Defendant 4Access Communications Company hereby gives notice that the action currently pending against it in the Superior Court of California, San Diego, Central Division is hereby removed to the United States District Court for the Southern District of California.

Dated:    December 14, 2007                    Squire, Sanders & Dempsey L.L.P.

By: _____
                    Jeffrey S. Renzi
Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

LOSANGELES/256110.1

BARBARA M. FREZZA (S.B. No.: 231176)
Attorney at Law
P.O. Box 12214
La Jolla, CA 92039-2214
Phone: (858) 558-9458
FrezzaLaw@ix.netcom.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

|  |  |
|---|---|
| LARRY BASSEL and<br><br>BARBARA BASSEL,  individuals,<br><br>                    Plaintiffs,<br><br>            vs.<br><br>4ACCESS COMMUNICATIONS Co., a<br><br>corporation, and, DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:  37-2007-00076081-CU-OE-CTL<br>~~37-2007-76081-CU-PT-CTL~~<br><br>COMPLAINT FOR:<br><br>1.  BREACH OF CONTRACT<br>2.  VIOLATION OF LABOR CODE §201<br>3.  FRAUD<br>4.  MISREPRESENTATION<br>5.  CONVERSION<br>6.  UNFAIR COMPETITION<br> Business and Professions Code<br>§17200 *et seq.*<br><br>(Amount demanded exceeds $25,000) |

Plaintiffs allege:

### JURISDICTION AND VENUE

1.     This court is the proper court and this action is properly filed in the County of San Diego and in this judicial district because Defendants at all times relevant to this action did business in the County of San Diego, and because Defendants' obligations and liability arise therein.

2.     Plaintiffs LARRY BASSEL (hereafter "Plaintiff") and BARBARA BASSEL (Plaintiff's Spouse) are, and at all times herein mentioned, were, individuals residing in the County of San Diego, State of California.

3.      Plaintiffs are informed and believe, and thereon allege, that Defendant 4ACCESS COMMUNICATIONS CO. (hereafter "4ACCESS") is a corporation organized and existing under the laws of Delaware and qualified to do business, and doing business, within the State of California. At all times relevant to this complaint, 4ACCESS' principal place of business within the State of California was located in the County of San Diego County, State of California, in the above-captioned judicial district.

4.      Plaintiffs are ignorant of the true names and capacities of the Defendants sued as DOES 1 through 10, inclusive, and therefore sue these defendants by fictitious names. Plaintiffs will seek leave to amend this complaint when the true names and capacities of these Defendants are ascertained.

5.      Plaintiffs are informed and believe and thereon allege that each of the Defendants, including the fictitiously named Defendants, is responsible in some manner for the acts and omissions alleged in this Complaint, and that the damages, both existing and prospective, alleged by Plaintiff in this Complaint were proximately caused by the acts and omissions of the Defendants, including DOES 1 through 10, inclusive. All references in this Complaint to any one of the Defendants shall also include all of them, unless otherwise specified. Whenever reference is made in this complaint to any act of the Defendants, such allegation shall mean that each defendant acted individually and jointly with the other defendants.

6.      Plaintiffs are informed and believe, and thereon allege that, at all times relevant to this Complaint, each of the Defendants, including DOES 1 through 10, inclusive, was the agent, servant, employee, partner, joint venturer, subsidiary, parent corporation, and successors-in-interest of each of the remaining Defendants, and acted within the course, scope and purpose of their authority of such agency, employment, partnership, joint venture, or relationship.

7.      Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, there existed such a unity of interest in ownership between Defendant DOES 1 through 10, inclusive, and Defendant 4ACCESS such that any individuality and separateness between them has ceased to exist. Defendant 4ACCESS is the alter ego of Defendant DOES 1 through 10, such that Defendant 4ACCESS is, and at all times was, a mere shell, instrumentality, and conduit through which DOES 1 through 10 carried on business in a corporate name. Defendant DOES 1 through 10 exercised

3.    Plaintiffs are informed and believe, and thereon allege, that Defendant 4ACCESS

COMMUNICATIONS CO. (hereafter "4ACCESS") is a corporation organized and existing under the

laws of Delaware and qualified to do business, and doing business, within the State of California. At all

times relevant to this complaint, 4ACCESS' principal place of business within the State of California

was located in the County of San Diego County, State of California, in the above-captioned judicial

district.

4.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued as DOES 1

through 10, inclusive, and therefore sue these defendants by fictitious names. Plaintiffs will seek leave to

amend this complaint when the true names and capacities of these Defendants are ascertained.

5.    Plaintiffs are informed and believe and thereon allege that each of the Defendants,

including the fictitiously named Defendants, is responsible in some manner for the acts and omissions

alleged in this Complaint, and that the damages, both existing and prospective, alleged by Plaintiff in

this Complaint were proximately caused by the acts and omissions of the Defendants, including DOES 1

through 10, inclusive. All references in this Complaint to any one of the Defendants shall also include

all of them, unless otherwise specified. Whenever reference is made in this complaint to any act of the

Defendants, such allegation shall mean that each defendant acted individually and jointly with the other

defendants.

6.    Plaintiffs are informed and believe, and thereon allege that, at all times relevant to this

Complaint, each of the Defendants, including DOES 1 through 10, inclusive, was the agent, servant,

employee, partner, joint venturer, subsidiary, parent corporation, and successors-in-interest of each of

the remaining Defendants, and acted within the course, scope and purpose of their authority of such

agency, employment, partnership, joint venture, or relationship.

7.    Plaintiffs are informed and believe and thereon allege that at all times mentioned in this

Complaint, there existed such a unity of interest in ownership between Defendant DOES 1 through 10,

inclusive, and Defendant 4ACCESS such that any individuality and separateness between them has

ceased to exist. Defendant 4ACCESS is the alter ego of Defendant DOES 1 through 10, such that

Defendant 4ACCESS is, and at all times was, a mere shell, instrumentality, and conduit through which

DOES 1 through 10 carried on business in a corporate name. Defendant DOES 1 through 10 exercised

1  such complete control and dominance over Defendant 4ACCESS, that any individuality or separateness

2  of Defendant 4ACCESS from DOES 1 through 10 does not and did not exist, at any time material to this

3  Complaint.

4        8.     Adherence to the fiction of a separate existence between Defendant DOES 1 through 10

5  and Defendant 4ACCESS would sanction fraud and permit an abuse of the corporate privilege, resulting

6  in an inequitable result, in that Defendant DOES 1 through 10 manipulated the assets of Defendant

7  4ACCESS for their personal benefit and used Defendant 4ACCESS as a shield against liability.

8

9  **GENERAL ALLEGATIONS**

10        9.     Plaintiffs incorporate by reference all previous allegations, as though fully set forth

11  herein.

12        10.     On June 17, 2002, Defendant 4ACCESS tendered an offer of employment to Plaintiff

13  LARRY BASSEL pursuant to a written agreement. This offer was accepted by Plaintiff on June 20,

14  2002, in San Diego County, California. A true and correct copy of this agreement is attached and

15  incorporated by reference herein as Exhibit 1.

16        11.     The written agreement was signed by both parties and lists Plaintiff's compensation as

17  $95,000 per year. Additional benefits under the employment contract included: Discretionary bonuses

18  based on employee performance and company performance; eligibility for participation in the company

19  stock plan upon completion of the first year of employment; eligibility for company medical/dental

20  benefits plan; and the option to participate in the company 401(k) plan.

21        12.     Plaintiff was employed at 4ACCESS from June 24, 2002 until his *alleged* termination

22  on January 31, 2004. During this time, Plaintiff was required to work 40 hours per week at the

23  employer's San Diego office, and to honor 4ACCESS' purported ownership and control over

24  Defendants' licensed intellectual property.

25        13.     Beginning in March 2003, without prior notice or explanation, Defendant 4ACCESS

26  began withholding payment of all or part of the employees' semi-monthly wages. The employees in the

27  San Diego office were not apprised of the circumstances until April of 2003, when STEVEN DAVIS,

28  Chief Executive Officer and President of 4Access, (hereafter "DAVIS") came to the San Diego

COMPLAINT FOR DAMAGES - 3

1  office and informed the employees that 4ACCESS had run short of venture capital.

2        14.     Acting on Defendant 4ACCESS' further assurances, Plaintiff LARRY BASSEL

3  reasonably believed that the e-mail from DAVIS to all affected 4ACCESS employees constituted a

4  unilateral contract promising a bonus and stock options to those employees who continued to work for

5  Defendant 4ACCESS after April 2003 while accepting deferred payment of wages. A true and correct

6  copy of this e-mail is attached and incorporated by reference herein as Exhibit 2.

7        15.     Plaintiff fully performed all duties and obligations required by his employment contract

8  except those excused, or negated by action or law, and finished his portion of the project by December

9  2003.

10                             **FIRST CAUSE OF ACTION**

11                        **(Breach of Contract against all Defendants)**

12        16.     Plaintiffs incorporate by reference each of the preceding allegations, as though fully set

13  forth herein.

14        17.     Prior to LARRY BASSEL'S termination on January 31, 2004, Defendants required

15  Plaintiff to sign a Separation Agreement and Release. This agreement reaffirmed and ratified that

16  Defendant 4ACCESS owed "back pay" and a "bonus" to Plaintiff, and stated in pertinent part that

17  Plaintiff's back pay and bonus would be deferred until "similar compensation is granted to current

18  employees in the San Diego office." The original was signed by both parties. A true and correct copy of

19  this agreement is attached and incorporated by reference herein as Exhibit 3.

20        18.     Plaintiff's consent was obtained by Defendants through mistake, fraud, undue influence

21  or duress because at the time he agreed to the Separation Agreement and Release, Plaintiff was informed

22  that he would not be eligible to receive his bonus or back pay if he did not sign, and that Defendant

23  4ACCESS did not have the funds to pay withheld wages and bonuses to all affected employees at that

24  time.

25        19.     Plaintiffs are informed and believe and hereon allege that 4ACCESS is capable of

26  meeting their financial obligations with regard to back pay and earned bonuses.

27        20.     Plaintiffs are informed and believe and thereon allege that at least one employee from

28  4ACCESS'S San Diego office received all "back pay," from 2003, plus yearly cash "bonuses" during

his employment equal to approximately 15% of his annual salary.

21.   Defendants received the benefits of Plaintiff's labor, and have failed and refused and continue to refuse to pay Plaintiff the wages due him. In so doing, Defendants have been unjustly enriched at Plaintiff's expense. For the aforementioned reasons, and because contracts such as this Separation Agreement and Release violate California Labor Code § 201 and §206.5, as well as established public policy, Plaintiff demands rescission of the contract and restitution and disgorgement of the value of the Defendant's unjustly received benefit, in amount to be proved at trial.

22.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages in a sum in excess of the jurisdiction of this Court, to be shown according to proof at trial.

23.   WHEREFORE, Plaintiffs request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### (Violation of Labor Code §201 against all Defendants)

24.   Plaintiffs incorporate by reference each of the preceding allegations, as though fully set forth herein.

25.   Pursuant to Labor Code §201, an employer must pay all wages owed to an employee immediately at the time of discharge, including salary, commissions, vacation and bonuses.

26.   Defendants terminated Plaintiff LARRY BASSEL'S employment on or about January 31, 2004. At that time, Defendants owed Plaintiff wages, including salary, vacation pay and his bonus.

27.   In violation of Labor Code §201, Defendants' refusal to pay Plaintiff of all wages earned was willful, as they had control over whether or not Plaintiff was paid, and had no good faith dispute as to the amount of back pay owed to Plaintiff, or that Plaintiff had earned a bonus.

28.   The bonus is no longer "discretionary" because Plaintiff's work performance was extraordinary, and the bonus was offered as an inducement to keep employees from abandoning the project or filing suit against Defendants in April 2003.

29.   Plaintiffs have demanded payment in March 2004, September 2004, and in January 2005.

30.   Since Plaintiff's termination, he has been available and ready to receive the wages due and owing him. Plaintiff has neither refused to receive payment, nor been absent from his residence.

31.    In addition to the unpaid wages due in the form of salary and bonus, Plaintiff is entitled to waiting time penalties pursuant to Labor Code §203, and prejudgment interest.

32.    Pursuant to Labor Code §218.5, Plaintiff requests the Court award reasonable attorneys fees and costs incurred by him in this action.

33.    WHEREFORE, Plaintiffs request relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### (Fraud against all Defendants)

34.    Plaintiffs incorporate by reference each of the preceding allegations, as though fully set forth herein.

35.    When Plaintiff LARRY BASSEL began work in June 2002, he enrolled himself and his Spouse, BARBARA, in the Group Health Plan offered by Defendant 4ACCESS to full-time employees.

36.    On or about January 21, 2004, Plaintiff LARRY BASSEL specifically requested an application from his employer for COBRA Continuation Coverage. A true and correct copy of the form provided by Defendants is attached and incorporated by reference herein as Exhibit 4.

37.    Between March 22, 2004 and March 29, 2004 an exchange of e-mails took place between Plaintiffs and JOSEPH HEERY, 4ACCESS' Chief Financial Officer (hereafter "HEERY"). True and correct copies of these e-mails are attached and incorporated by reference herein as Exhibit 5.

38.    Upon information and belief, Plaintiffs allege that HEERY is the authorized agent of Defendants 4ACCESS and DOES 1 through 10, inclusive, and at all times herein mentioned acted within the scope of his agency and authority for said Defendants.

39.    HEERY, on behalf of Defendant 4ACCESS, made multiple representations to Plaintiffs, in the aforementioned e-mail agreement, including:

   a)    Defendants agreed to provide COBRA Continuation Coverage to Plaintiffs.

   b)    The monthly premium would be $1016.78 for both medical and dental coverage, pursuant to the application for continuation coverage. (Exhibit 4)

   c)    Monthly premium payments would be paid by 4ACCESS and offset against Plaintiff's back pay at the agreed-upon rate of $1016.78 until the first of three events occurred:

1    Plaintiffs secured alternative coverage, Defendants paid Plaintiff's remaining earned unpaid

2    wages, or the Plaintiff's unpaid wages were exhausted by the offset.

3    40.    The representations made by HEERY to Plaintiffs were in fact false. The true facts were:

4          a)    Defendants maintained the Plaintiffs on the Group Health Plan, and also enrolled

5    Plaintiffs in the 4ACCESS HRA for the 2004 plan year without their knowledge or consent.

6          b)    Defendants charged Plaintiffs more than the quoted price of $1016.78 per month

7    for the medical and dental coverage provided, while the actual cost to 4Access of the monthly

8    premiums was considerably less than the $1016.78.

9          c)    Defendants unilaterally terminated Plaintiffs' coverage after 11 months, without

10   notice to Plaintiffs, after Plaintiffs retained an ERISA specialist to enforce their right to COBRA

11   coverage.

12   41.    When HEERY made these representations on behalf of Defendant 4ACCESS, he knew

13   them to be false, AND he made these representations with the intent to deceive and defraud Plaintiffs,

14   and to induce Plaintiffs to act in reliance on the manner hereinafter; AND at the time HEERY made the

15   promises to Plaintiff, Defendant 4ACCESS and DOES 1 through 10 had no intention of performing

16   them.

17   42.    At the time Defendants made these representations, Plaintiffs were ignorant of the falsity

18   of Defendants representations, and believed them to be true. In reliance on these representations,

19   Plaintiffs were induced to pay more for healthcare coverage than federal and state regulations allow.

20   43.    Had Plaintiffs known the actual facts, they would not have agreed to this arrangement. At

21   the time of LARRY BASSEL'S termination, Plaintiffs had at least 18 months of continuous healthcare

22   coverage, and could have obtained comparable conversion coverage for considerably less.

23   44.    Plaintiff's reliance on Defendants' representation is justified because Defendants

24   possessed superior knowledge with regard to employee benefits, and were fiduciaries with regard to

25   ministerial duties pertaining to the 4ACCESS Group Health Plan.

26   45.    Plaintiffs were ignorant of the extent of Defendants' deception because 4ACCESS

27   withheld information about the Insurers, Certificates of Creditable Coverage and updated Summary Plan

28   Descriptions until March 2005.

46.    As a proximate result of Defendants' fraud and deceit, Plaintiffs have been damaged in an amount in excess of $8,000.

47.    Defendants' aforementioned acts were intentional misrepresentations, deceit or concealment of material facts known to Defendants, with the wrongful intent of depriving Plaintiffs of property or legal rights or otherwise causing injury; and were despicable conduct carried on with willful and conscious disregard of the rights and safety of Plaintiffs; and were despicable conduct subjecting Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages, in an amount to be determined at trial.

48.    WHEREFORE, Plaintiffs request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation against all defendants)

49.    Plaintiffs incorporate by reference each of the preceding allegations, as though fully set forth herein.

50.    The representations made by Defendants in paragraph 40 were in fact false. The true facts were as set forth in paragraph 41, above.

51.    Defendants made these representations with no reasonable grounds to believe they were true in that they knew they would not or could not provide COBRA coverage to Plaintiffs.

52.    At the time these representations were negligently made by Defendants, and Plaintiffs took the actions described herein, Plaintiff did not know the falsity of Defendants' representations.

53.    In reliance on Defendants' representations, Plaintiff was induced to and did agree into the transaction to offset healthcare premium payments against Plaintiff LARRY BASSEL'S back pay.

54.    Plaintiffs' reliance on Defendants' representations was justified as Defendants were Plan Fiduciaries who possessed superior knowledge and expertise in employee benefits issues.

55.    As a proximate result of Defendants' fraud and deceit, Plaintiffs suffered pecuniary loss, had difficulty obtaining subsequent healthcare coverage, and were faced with the possibility of rescission of their healthcare contract once they did obtain coverage, plus other damages to be proved at trial.

56.    Defendants' aforementioned acts were intentional misrepresentations, deceit or
concealment of material facts known to Defendants, with the wrongful intent of depriving Plaintiffs of
property or legal rights or otherwise causing injury; and were despicable conduct carried on with willful
and conscious disregard of the rights and safety of Plaintiffs; and were despicable conduct subjecting
Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of
exemplary and punitive damages, in an amount to be determined at trial.

57.    WHEREFORE, Plaintiffs request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION

### (Conversion against all Defendants)

58.    Plaintiffs incorporate by reference each of the preceding allegations, as though fully set
forth herein.

59.    At all times mentioned herein, and in particular on or about February 22, 2005, Plaintiff
BARBARA BASSEL was and still is entitled to the following personal property, namely: the cash value
of a check sent to 4ACCESS as Plan Sponsor and Plan Administrator, earmarked for the specific
purpose of paying Continuation healthcare insurance premiums for the Plaintiffs.

60.    On or about February 22, 2005, the aforementioned property had a value of $1,031.38

61.    On or about February 24, 2005, Defendants took possession of the aforementioned
property, and converted it to Defendants' own use.

62.    On or about May 23, 2005, Plaintiffs, through their attorney, made written demand for
the return of the value of the property. Defendants failed and refused and continue to refuse to return the
aforementioned property to the Plaintiffs. A true and correct copy of this demand letter, with a
photocopy of the check, is attached and incorporated by reference herein as Exhibit 6.

63.    As a proximate result of Defendants' acts of conversion, Plaintiffs have suffered damages
in an amount in excess of $1,031.38, to be proved at trial, including loss of interest on the cash value of
the check from March 1, 2005, pursuant to Civil Code §3336, which are the natural, reasonable and
proximate results of the conversion.

/ / /

64.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiffs, therefore entitling the Plaintiffs to punitive damages according to proof at trial.

65.     WHEREFORE, Plaintiffs request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

**(Unlawful, Unfair or Fraudulent Business Acts or Practices against All Defendants)**

66.     Plaintiffs incorporate by reference each of the preceding allegations, as though fully set forth herein.

67.     Defendants' aforementioned conduct constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code §17200 et seq.

68.     Defendants have engaged in "unlawful" business acts or practices by violating California Labor Code §201, and §206.5; California Civil Code §1565 et seq., §1709, and §3336;  and California Health and Safety Code §1366.20 et seq (Cal-COBRA)

69.     Defendants have engaged in "unfair" business acts or practices in that the harm caused by Defendants' conduct outweighs any utility of such conduct; and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, or causes substantial harm to members of the general public.

70.     Defendants have engaged in "fraudulent" business acts or practices, in that Defendants' representations and omissions herein described are false or likely to deceive employees, contractors, investors, and other members of the general public.

71.     The above-described unlawful, unfair or fraudulent business acts and practices engaged in by Defendants continue to this day. Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide the complete relief required by the statute.

72.     Plaintiffs bring this action pursuant to §17203 and the standing requirements of §17204. As a direct and proximate result of Defendants acts, Plaintiffs, other employees, and members of the public have suffered injury in fact and lost money or property, and have been and continue to be harmed as a result of Defendants' unfair competition.

73.    Pursuant to Business and Professions Code §17206.1, Defendants' acts described herein constituted unlawful, unfair or fraudulent business acts or practices perpetrated against at least one "disabled person." Defendants, as Plan Sponsors fro the Group Health Plan, knew or should have known that their conduct affected Plaintiff's Spouse, a disabled person. Defendants' unlawful, unfair or fraudulent business acts or practices resulted in economic damages in the form of encumbrances on the primary residence, and substantial losses from assets set aside for retirement and future maintenance essential to the health and welfare of such disabled persons. Plaintiffs request restitution to restore any funds acquired by Defendants from in violation of Business and Professions Code §17200 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1.  For compensatory damages according to proof at time of trial;
2.  For general and special damages in amounts to be proved at trial;
3.  For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants.
4.  For exemplary and punitive damages according to proof;
5.  For penalties pursuant to Labor Code §203;
6.  For pre-judgment interest accrued to date as provided by law, on all amounts claimed;
7.  For reasonable attorney's fees and costs, pursuant to Labor Code §218.5;
8.  For costs of suit; and
9.  For such other and further relief as this Court may deem just and proper.

Dated this 2nd day of October, 2007

By: _____
Barbara M. Frezza
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES - 11

# EXHIBIT 1

# 4ACCESS
### COMMUNICATIONS

6/17/02

Re: Offer of Employment

Larry Bassel
8157 Via Mallorca
La Jolla, CA 92037

Dear Mr. Bassel,

It is our pleasure to offer you a position with 4Access Communications Company. The position offered to you is that of Senior Staff Engineer. The compensation for this position is $95,000 per year. In addition to the above salary, you are eligible for performance-based bonuses. These bonuses will be based upon an evaluation of your performance and contributions by senior management. Additionally, there will be employee bonuses based on company performance. These bonuses will be determined by senior management at the end of each fiscal year.

As an employee of 4Access Communications, you will be eligible for our stock option plan upon completion of your first 12 months of employment. The company will take into account your date of hire, as well as, other factors when determining your employee stock allocation. As an employee, you are also entitled to participate in our medical/dental benefits plan and 401K.

This offer of employment is valid for the next 7 days or as modified by 4Access Communications. The start date for this position is June 24, 2002. If this employment offer is acceptable, please sign below and return via mail to 4Access Communications.

I look forward to working with you in the development of our business initiatives.

Sincerely,

R. J. Hartnett
Human Resources Manager

I, _Larry Bassel_ accept this offer of employment on this date _6/20_ , 2002

Larry Bassel

CHICAGO • SAN DIEGO

1251 West Webster Avenue, Suite 1 • Chicago, IL 60614 • Telephone: 773 244 1888 • Fax: 773 281 7097 • email: www.4access-comm.com

## EXHIBIT 2

**Subject:** Fw: company update
**From:** "Larry Bassel" <bassel@4access-comm.com>
**Date:** Mon, 14 Apr 2003 08:04:29 -0700
**To:** <labbmf@ix.netcom.com>


----- Original Message -----
From: "Steven davis" <davis@4access-comm.com>
To: <arvind@4access-comm.com>; <bassel@4access-comm.com>; "David Muse"
<dmuse@4access-comm.com>; "Dragan" <dragan@4access-comm.com>; "Florin"
<florin@4access-comm.com>; <jheery@4access-comm.com>;
<chrisq@4access-comm.com>; <rj@4access-comm.com>; <karl@4access-comm.com>;
"Jim Williams" <jwilliams@4access-comm.com>; "Larry Adelberg"
<ladelberg@4access-comm.com>; "Mike Lulejian" <mikey1@4access-comm.com>;
"Brad Singletary" <singletary@4access-comm.com>; "Val"
<val@4access-comm.com>
Sent: Sunday, April 13, 2003 2:17 PM
Subject: company update


I wanted to provide everyone with a brief update as to where we are on the
business and funding efforts.  On the business side, things have been
progressing very well.  We just returned from the ETA show in Las Vegas
which more than re-affirmed the market opportunity ahead of 4Access.  It was
critical that we went to this show since all of our customers and
competitors were there.  Had we not exhibited at ETA we could have
experienced some issues with customers, etc.  I wanted to thank all of you
for the effort which enabled us to attend.  I know under the circumstances,
it was not easy.

As I have said all along, we have an enormous opportunity in the market. We
all just need to hang in there a little longer while we continue our fund
raising efforts.  This is a difficult time to raise capital but I am 100%
confident we will be successful.  Everyday we are closer and closer to
getting the funding we need.  When we are re-capitalized, everyone that has
shown the dedication to 4Access will be well compensated with cash and stock
options.  I know that this is of little economic comfort today, however, I
want each and everyone of you to know that I recognize the effort,
commitment and sacrifice you have made.

We have meetings virtually everyday to secure the funding.  We are getting
close on several fronts.  If anyone would like more detailed info on our
efforts, don't hesitate to call.

Again, thanks for the continued support.

Steven

# EXHIBIT 3

**4ACCESS**
COMMUNICATIONS COMPANY

January 21, 2004

Larry Bassel
8157 Via Mallorca
La Jolla, CA 92037

Re: Separation Agreement and Release

Dear Mr. Bassel:

After much consideration, we regret that we must terminate your employment at 4Access Communications Company (the "Company"). This letter sets forth the terms of the separation and identifies obligations by both you and the company.

1. <u>Separation</u>. Your last day of work with the Company and your employment termination date will be January 31, 2004 (the "<u>Separation Date</u>"). You will no longer represent to anyone that you are still an employee of the Company or any of its affiliates.

2. <u>Salary and Paid Time Off</u>. On the Separation Date, the Company will pay you your salary for the current pay period, and all accrued and unused vacation earned through the Separation Date, subject to standard payroll deductions and withholdings.

3. <u>Health Insurance</u>. To the extent provided by the federal COBRA law or, if applicable, state insurance laws, and by the Company's current group health insurance policies, you will be eligible to continue your group health insurance benefits at your own expense. Later, you may be able to convert to an individual policy through the provider of the Company's health insurance, if you wish. If you elect continued coverage under COBRA, the Company, will pay your COBRA premiums through March 31, 2004 if you are still unemployed.

4. <u>Other Compensation or Benefits</u>. All back pay owed will be paid on the same schedule as current employees. When payments are made, the payments will be made one pay period at a time until all accrued payroll has been disbursed.

Additional compensation in the form of a bonus will be disbursed when similar compensation is granted to current employees in the San Diego office. This bonus will be prorated based on the separation date. The prorating period will begin on January 1, 2003 and end on the bonus disbursement date.

5. <u>Expense Reimbursements</u>. Within ten (10) days of the Separation Date, you will submit your final documented expense reimbursement statement reflecting all business expenses

*1.30.04
Received
LB
Agreed*

ATLANTA • CHICAGO • SAN DIEGO

North Michigan Avenue • Suite 3718 • Chicago, IL 60611 • Telephone: 312 787 8484 • Fax 312 787 8383 • Internet: www.4accesscommunications.com



you incurred through the Separation Date, if any, for which you seek reimbursement. The Company will reimburse you for these expenses pursuant to its regular business practice.

6. **Return of Company Property.** By the Separation Date, you agree to return to the Company all Company documents (and all copies thereof) and other Company property that you have had in your possession at any time, including, but not limited to, Company files, notes, drawings, records, business plans and forecasts, financial information, specifications, computer-recorded information, tangible property (including, but not limited to, computers), credit cards, entry cards, identification badges and keys; and, any materials of any kind that contain or embody any proprietary or confidential information of the Company (and all reproductions thereof).

7. **Proprietary Information Obligations; Non-Solicitation; Non-Competition.**

(a) Both during and after your employment you will refrain from any unauthorized use or disclosure of the Company's Proprietary Information. The term "**Proprietary Information**" shall mean any and all confidential and/or proprietary knowledge, data or information of the Company. By way of illustration but not limitation, "**Proprietary Information**" includes (i) trade secrets, schematics, techniques, inventions, mask works, ideas, processes, formulas, source and object codes, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs and techniques, (ii) information regarding plans for research, development, new products, marketing and selling, business plans, budgets and unpublished financial statements, licenses, prices and costs, suppliers and customers and (iii) information regarding the skills and compensation of other employees of the Company. Notwithstanding the foregoing, it is understood that, at all such times, you are free to use (i) information which is generally known in the trade or industry, which was not gained as result of a breach of this Agreement, and (ii) your own skill, knowledge, know-how and experience, to whatever extent and in whichever way you wish.

I wish you good luck in your future endeavors. If there is anything we can do to make the transition easier please let me know.

Sincerely,

Chris Quatrochi
Chief Operating Officer

*Received.*
*LB*
*Agreed*

ATLANTA • CHICAGO • SAN DIEGO

North Michigan Avenue • Suite 3718 • Chicago, IL 60611 • Telephone: 312.787.8484 • Fax: 312.787.8383 • Internet: www.4accesscommunications.com

# EXHIBIT 4

# HUMANA®

## Continuation of Medical/Dental Benefits Election Form

**Subject to the terms stated in your Certificate,** Continuation of Medical/Dental benefits may be available for you and/or your covered Dependents. Please refer to the Certificate for terms and limitations. To apply for continuation of Medical/Dental benefits, please complete and return this form to your Employer (or previous Employer, in the event of termination of employment).

Employer Name: _Access Communications Company_  Group Number: _526518J_

Employee Name: _Larry Bassett_  Social Security Number: ▓▓▓

Dependent Name: _Burbara Frezza_  Social Security Number: ▓▓▓

Your Address: _8117 Via Mallorca, La Jolla, CA 92037_

Your Phone Number: _(858) 558-9458_

Check the qualifying event that applies to you and indicate the date of the qualifying event in the blank.

| | | | |
|---|---|---|---|
| ☑ Termination. | Last date employed. _3/31/04_ | ☐ Reduced hours. | Date hours reduced: ____ |
| ☐ Medicare. | Date covered by Medicare: ____ | ☐ Employee's Death. | Date: ____ |
| ☐ Legal Separation. | Date Legal Separation Filed: ____ | ☐ Divorce. | Date Divorce Effective: ____ |
| ☐ Dependent Child. | Date Dependent Child ceased to be an eligible Dependent: ____ | ☐ Other. | (As stated in your Certificate provision for State Continuation) ____ |

Employer complete premium due for coverages  Date form is given to insured _3/11/04_

| | Medical | Dental |
|---|---|---|
| Employee Only | _____ /Month | _____ /Month |
| Employee + Spouse | _957.10_ /Month | _63.68_ /Month |
| Employee + Child | _____ /Month | _____ /Month |
| Family | _____ /Month | _____ /Month |

*(Note: Rates are subject to any Employer changes to plan.)* **PREMIUMS MUST BE PAID TO THE EMPLOYER.**

Timely payment of premiums required for the coverage to continue, for the premium due date for State Continuation, please refer to the Continuation provision in your Certificate.

For Federal Continuation, the initial premium is due within 45 days after the date Continuation of coverage is elected. Subsequent premiums are due monthly by the ____ of the month. If the Employer does not receive full payment within 31 days of the due date, your coverage will be canceled.

## SIGNATURE OF PERSON ELECTING OR WAIVING CONTINUATION:

☑ I elect continuation
☐ I refuse continuation

Employee: _Larry Bassett_  Date _3/22/04_

Spouse: _Barbara M. Freyre_  Date _3/22/04_

Dependent: _____  Date ..
(Over Age 19)

## SPOUSE AND DEPENDENT SIGNATURES ARE REQUIRED
## IF ANY DEPENDENT COVERAGES ARE BEING WAIVED.

If the State Continuation provision applies, a completed form must be returned within 31 days of termination. If the Federal Continuation (COBRA) provision applies, a completed form must be returned within 60 days after or the later of 1) the date that you would lose coverage, or 2) the date that you are sent notice of your right to elect Cobra Continuation. An election is considered to be made on the date that it is sent to your Employer or plan sponsor. Failure to return form within the specified time may result in the loss of the Continuation privilege.
NOTE: If you are deemed Totally Disabled by the Social Security Administration, send a copy of the notification to our company as you may be entitled to an additional 11 months of coverage. Please call us for more information.

GN 00517 R04 7/03

# EXHIBIT 5

**Subject: RE: COBRA form**
**From:** "Joe Heery" <jheery@4access-comm.com>
**Date:** Mon, 29 Mar 2004 12:26:48 -0600
**To:** "'Larry Bassel'" <labbmf@ix.netcom.com>

Larry,

I am sending Humana the premium under the scenario you have stated.

Joe Heery

> -----Original Message-----
> **From:** Larry Bassel [mailto:labbmf@ix.netcom.com]
> **Sent:** Monday, March 29, 2004 12:12 PM
> **To:** Joe Heery
> **Subject:** Re: COBRA form
>
> We would prefer, for now, if you would pay the Cobra and offset it against the money owed us.
> Please continue both the medical and dental benefits. We would like to continue such an
> arrangement until any one of the following happens:
>
> (1) We have acquired other benefits (we will notify you)
> (2) The outstanding remainder of my back pay is sent by 4Access
> (3) The $11,875 is exhausted
>
> We also need some record of payment. Not only is this necessary for tax purposes, but we have
> been investigating other health care options. In order to get the best price possible for monthly
> premiums, we may need to provide evidence of continued coverage.
>
> Please confirm that you are sending Humana the April premium under this agreement, since
> otherwise I must send you a check ASAP (which I was about to do until I received your email
> this morning).
>
> Sincerely,
>
> Larry Bassel
>
>
> Joe Heery wrote:
>
> Larry,
>
> As you know, 4Access has continued to meet its current payroll and
> benefit expenses and recognize the previous payroll due you. We have and
> continue to meet the current obligations. If you would feel beeter, I
> would give you the option to have 4Access pay your monthly Cobra and
> apply that against any accrued payroll we owe you. Let me know what you
> think about that.
>
> Joe Heery
>
> -----Original Message-----
> From: Larry Bassel [mailto:labbmf@ix.netcom.com]
> Sent: Thursday, March 25, 2004 11:50 AM

To: Joe Heery
Subject: Re: COBRA form

Joe:

According to our accountant, 4Access currently owes us $11,875 in back
pay, on a cash basis. It will cost us over $1000 per month for
continuation coverage, which you expect us to send to 4Access. What
assurances do we have that this money will even be sent to Humana?

Larry Bassel &
Barbara Frezza


Joe Heery wrote:

Larry,

Send the form to :

4Access Communications Company
One North LaSalle Street, Suite 2015
Chicago, IL   60602
Attn: Joe Heery

Make the payment out to 4Access.

Sorry, but I do not have any update on back salaries yet.

Joe Heery
312.223.9779 ext 224

-----Original Message-----
From: Larry Bassel [mailto:labbmf@ix.netcom.com]
Sent: Monday, March 22, 2004 1:29 PM
To: jheery@4access-comm.com
Subject: COBRA form

I'm about to send you the COBRA form (with the termination date changed



to 3/31 as we discussed
on the phone a while ago). Where do I send it? If to 4Access, to whom?

Also, to whom do I send the payment (I will send this at the end of the



month)? Who do I make
the check out to?

Any news on when the back pay from last year will be paid?

Thanks,.
Larry


---
Incoming mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.593 / Virus Database: 376 - Release Date: 2/20/2004

---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.593 / Virus Database: 376 - Release Date: 2/20/2004

---
Incoming mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.593 / Virus Database: 376 - Release Date: 2/20/2004

---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.593 / Virus Database: 376 - Release Date: 2/20/2004

---
Incoming mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.593 / Virus Database: 376 - Release Date: 2/20/2004

---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.593 / Virus Database: 376 - Release Date: 2/20/2004

3

# EXHIBIT 6

May 23, 2005

Jeffrey D. Corso
SWANSON, MARTIN & BELL
One IBM Plaza, Ste. 3300
330 N. Wabash
Chicago, IL 60611

RE:    **Our client:  Larry A. Bassel**
       **Your client:  4Access Communications Company**

Dear Mr. Corso:

Following my last correspondence, I received a telephone message from you to the effect that you anticipated paying money and did not dispute penalties, but that your client would not pay our demand of $20,000.

You may recall that, around that time, 4Access had requested that my client pay $1031.38 to continue health coverage, which Mr. Bassell and his wife did, under protest.

On April 21, 2005, my clients finally received a Certificate of Creditable Coverage.  Two problems have arisen:  First, it seems that 4Access did not pay for COBRA benefits, as was the arrangement, and thus was not paying roughly $1,000 per month, for which it now seeks credit.  Instead, it would seem that your client simply continued to carry Mr. Bassell on the group plan, at no additional cost to 4Access, and in violation of law.

Furthermore, while my client paid a check over to 4Access to cover the March insurance payment, 4Access stopped covering Mr. Bassell effective February 28, 2005, and has thus converted my client's payment to its own use.

At this time, the settlement demand of $20,000 is withdrawn.  Your client's actual fraud will take this matter outside of the protections of ERISA and create common law claims for fraud, misrepresentation and conversion, in addition to claims for breach of fiduciary duties.  Our demand is for double this sum, plus reimbursement of the $1,031.38 paid over to your client, or a total of $41,031.38

The time has come for us all to decide what we will do on this case.  Please let me hear from you within ten days with your response, or we will take appropriate steps to commence litigation.  Thank you for your prompt attention to this matter.

Very truly yours,

George L. de la Flor

GLF/ms



21 95

**BARBARA M PREZZA-BASSEL**
8157 VIA MALLORCA
LA JOLLA, CA 92037-2949
DL                                                                    90-7162/3222

DATE _February 22, 2005_

PAY TO THE
ORDER OF _4 Access  Communications Co_          | $ _1031.38/100_

_One thousand  thirty one ——————— 38 cts_ DOLLARS

**Washington Mutual**
Washington Mutual Bank, FA                1-800-788-7000
Sunnyvale-Mathilda Financial Center #99
410 South Mathilda Avenue
Sunnyvale, CA 94086                        24 Hour Customer Service

FOR _Humana Choice (Marc)_    _Bll hyza Bassel_

⑈"0000

MARLAND 1998

101777V628
02042005
0710-0030-1
ENT=4142  TRC=4103  PKT1000505<
        LASALLE BANK  >071000505<
        20050314100205776.
E-45    EASN84 PKT18

4 Access Comm Co



```
*********************
***   RX REPORT   ***
*********************


RECEPTION OK

TX/RX NO              9660
RECIPIENT ADDRESS     3122239559
DESTINATION ID
ST. TIME              12/12 12:43
TIME USE              02'37
PGS.                   17
RESULT                OK
```


Exhibit 2

1  BARBARA M. FREZZA, S.B. No.: 231176
   Attorney at Law
2  P.O. Box 12214
   LA Jolla, CA 92039-2214
   Phone: (858) 558-9458
3  E-mail: FrezzaLaw@ix.nctcom.com

4  Attorney for Plaintiffs: LARRY BASSEL & BARBARA BASSEL

5

6

7

8                  SUPERIOR COURT OF CALIFORNIA,

9                      COUNTY OF SAN DIEGO

10

11 LARRY BASSEL and BARBARA BASSEL,          Case No.: 37-2007-76081-CU-OE-CTL

12 individuals,

13 Plaintiffs,                               **DECLARATION OF BARBARA M.
                                             FREZZA, SUPPORTING
                                             CERTIFICATE OF PROGRESS AND
14 v.                                        REQUESTING EXTENSION OF TIME
                                             TO FILE CERTIFICATE OF SERVICE**
15 4ACCESS COMMUNICATIONS Co., a

16 corporation, and, DOES 1 through 10, inclusive,   **Judge: Yuri Hofmann
                                                     Dept: 60**
17 Defendants.

18

19

20 I, Barbara M. Frezza, declare as follows:

21        1. I am an attorney duly licensed to practice law before all courts in the state of California and

22 this court, and am a solo practitioner representing the Plaintiffs LARRY BASSEL and BARBARA

23 BASSEL (hereafter "BASSEL") in this case. I am also the Co-Plaintiff, BARBARA BASSEL, in this

24 case. The facts for this Declaration are based upon my personal knowledge, and if called as a witness, I

25 could testify thereto under oath.

26        2. This Declaration is filed in support of a Certificate of Progress, requesting additional time to

27 effect service and file a Certificate of Service, pursuant to San Diego County Superior Court Rule 2.1.5,

28 requiring that a Certificate of service be filed within 60 days of filing the complaint.

DECLARATION OF BARBARA M. FREZZA SUPPORTING CERTIFICATE OF PROGRESS AND REQUESTING EXTENSION OF
                    TIME TO FILE CERTIFICATE OF SERVICE. - 1

3. Case Number 37-2007-76081-CU-OE-CTL was initially filed on October 2, 2007 at approximately 1:30 p.m. The computers crashed in the process of clocking the case in, requiring the clerk to process it without access to the database. It was erroneously classified as Case Number: 37-2007-76081-CU-PT-CTL. PLAINTIFFS subsequently amended the complaint to avoid confusion.

4. The last date for filing the Certificate of Service is 3, 2007, as the deadline falls on Saturday December 1, 2007.

5. I did not receive the Notice of Plaintiffs' Right to Seek Punitive Damages until October 23, 2007. By that time, half the County had prepared to evacuate their homes due to the Wildfires in Southern California. Plaintiffs were no exception. Current case records and discovery materials were boxed in preparation for evacuation. When the danger of fire had passed, the records had to be unboxed and sorted. San Diego County Courts were also closed for the week, which played havoc with schedules.

6. At approximately 6:45 p.m. on October 30, 2007, Patricia Flynn mailed Proofs of Service of Summons with the accompanying declarations to both:

    (i) CSC Lawyers Incorporating Service, Agent for Service of Process in CA, and

    (ii) Steven Davis, President and CEO,

    on behalf of 4Access Communications Co., a corporation, Defendant.

7. Each envelope was sent by Certified Mail, with Return Receipt. Included in each envelope was a copy of the summons, complaint, 2 Notices and Acknowledgement of Receipt, a self-addressed stamped envelope, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Related Case, the ADR information packet, the Reservation of Plaintiff's Right to Seek Punitive Damages, and a photocopy of the check used to pay the filing fees. (Since the computer was down on October 2, 2007, the clerks could not provide a statement of costs.)

8. Neither CSC Lawyers Incorporating Service, (hereafter "CSC,") nor Defendants 4ACCESS COMMUNCATIONS COMPANY, (hereafter "4ACCESS,") has returned a Notice and Acknowledgement of Receipt. 4ACCESS has not yet made an appearance in this action.

9. Return receipts from the certified mailings to CSC and 4ACCESS were received at my Post Office Box, on or about November 15, and November 19, respectively.

DECLARATION OF BARBARA M. FREZZA SUPPORTING CERTIFICATE OF PROGRESS AND REQUESTING EXTENSION OF

TIME TO FILE CERTIFICATE OF SERVICE. - 2

10. Service of the summons and complaint on 4ACCESS complies with California Code of Civil Procedure Section 415.40 as a copy of the summons and complaint were sent to a *person* outside this state by first-class mail, postage prepaid, requiring a return receipt. Service is deemed complete on the tenth day after such mailing.

11. Service of Summons on 4ACCESS also complies with California Code of Civil Procedure Section 416.10, as a copy of the summons and complaint was delivered to Joseph Heery, the Chief Financial Officer for 4ACCESS.

12. Unfortunately, the facts differ in this case from those in the recently decided case: *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, in that Plaintiffs cannot provide an affidavit from a postal employee that Heery, in his capacity as CFO, routinely receives mail on behalf of the Defendant corporation in Chicago, or that he was authorized to receive mail on behalf of Steven Davis, the President and CEO of 4ACCESS. Thus the evidence would not be sufficient to meet the requirements of California Code of Civil Procedure Section 417.20.

13. Plaintiffs respectfully request that this Honorable Court until January 3, 2008 to effect service of the Summons and Complaint on Defendants 4ACCESS COMMUNICATIONS CO., a corporation, and DOES 1 through 10, inclusive, by such means as may be necessary to establish actual delivery to the persons served.

14. The following attachments have been included as a courtesy to this Honorable Court:

(i) Certificate of progress

(ii) Copies of return receipts for certified mailings

(iii) Copies of Summons (2)

(iii) Copies of Service of Summons (2)

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct. Executed on November 30th, 2007 at La Jolla, California.

Dated this 30th day of November, 2007

Barbara M. Frezza

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Barbara M. Frezza  S.B. No.: 231176 <br> Attorney at Law <br> P.O. Box 12214 <br> La Jolla, CA 92039-2214 <br> TELEPHONE NO.: 858-558-9458    FAX NO.: <br> ATTORNEY FOR (Name): Larry Bassel & Barbara Bassel, Plaintiffs, & In Pro Per | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

| PLAINTIFF(S)/PETITIONER(S) <br> Larry Bassel & Barbara Bassel | ☒ I/C JUDGE Yuri Hofmann |
|---|---|
| DEFENDANT(S)/RESPONDENT(S) <br> 4Access Communications Co., a corporation, & DOES 1-10 inclusive | ☐ MASTER CALENDAR <br> DEPT 60 |
| **CERTIFICATE OF:** PROGRESS <br> **PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT** <br> (San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34; <br> Division IV rules 4.169 & 4.170) | CASE NUMBER <br> 37-2007-76081-CU-OE-CTL |

MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.

The ☒ plaintiff(s)  ☐ defendant(s) in the above-entitled case, by and through their attorney(s) Barbara M. Frezza
_____ certify that: **(CHECK ONE BOX)**

3C1 ☒  Plaintiff has been unable to serve the complaint on defendant(s) *4Access Communications Co. a corporation and DOES 1 through 10, inclusive*    (May list more than one defendant)

3C1 ☐  Plaintiff requests stay under claim for uninsured/underinsured as to: _____
 (ALL or list individual(s))

3C5 ☐  Defendant was served on _____, and is unable to answer or otherwise respond.

3C8 ☐  Plaintiff served defendant on _____, but was unable to request entry of default.

Therefore, it is requested that the time be extended until *January 8, 2008* for filing of a(n):

☒ CERTIFICATE OF SERVICE (SDSC CIV-345)
☐ ANSWER OR OTHER DEFENDANT APPEARANCE
☐ REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): *Postal return receipt from certified mailings w/o evidence satisfactory to court to establish actual delivery to the person served pursuant to Civ. Proc Sect 415.40 will not satisfy Civ. Proc. Sect. 1417.20.*

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated: *November 30, 2007*    _____
 SIGNATURE OF ATTORNEY(S)

**FOR COURT USE ONLY**

☐ EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: _____

☐ EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____
  ☐ INSUFFICIENT REASON FOR DELAY OF CASE.
  ☐ OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: _____
    JUDGE OF THE SUPERIOR COURT

☐ NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

SDSC CIV-144 (Rev. 4-04)    **CERTIFICATE OF:** <br> **PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Sent To: Steven Rowe, CEO of/o 4Access Comm.
One N. LaSalle, Ste. 2015
Chicago, IL 60602

7006 0100 0000 9693 1891

PS Form 3800, June 2002

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

Sent To: CSC Lawyers Inc. Service, agent
P.O. Box 526036
Sacramento, CA 95852

7005 3110 0002 2284 2342

**SENDER: COMPLETE THIS SECTION**

A. Signature
X
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1?

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

1. Article Addressed to:
Steven Rowe, CEO of 4Access Comm. Co.
One North LaSalle
Suite 2015
Chicago, IL 60602

2. Article Number
7006 0100 0000 9693 1891

PS Form 3811, February 2004     Domestic Return Receipt

1. Article Addressed to:
CSC Lawyers Incorporating Service, Agent of o
4Access Comm. Co.
P.O. Box 526036
Sacramento, CA 95852

2. Article Number
7005 3110 0002 2284 2342

PS Form 3811, February 2004     Domestic Return Receipt

FILED

**SUM-100**

# SUMMONS *AMENDED*
## (CITACION JUDICIAL)

CIVIL BUSINESS OFFICE
CENTRAL

07 OCT -5 PM 12: 39

CLERK SUPERIOR COURT
SAN DIEGO COUNTY CA.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
4 Access Communications Co., a corporation,
and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LARRY BASSEL and BARBARA BASSEL, individuals.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego, Central Division<br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*  37-2007-76081-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Barbara M. Frezza, (S.B. No.: 231176) Telephone: (858)-558-9458
P.O. Box 12214, La Jolla, CA 92039-2214

| | | | |
|---|---|---|---|
| DATE:  OCT  5  2007<br>*(Fecha)* | Clerk, by  *T. Lusch*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐  as an individual defendant.
2. ☐  as the person sued under the fictitious name of *(specify):*

3. ☑  on behalf of *(specify):* 4Access Communications Co., a corporation,

under:  ☑  CCP 416.10 (corporation)          ☐  CCP 416.60 (minor)
          ☐  CCP 416.20 (defunct corporation)    ☐  CCP 416.70 (conservatee)
          ☐  CCP 416.40 (association or partnership)  ☐  CCP 416.90 (authorized person)
          ☐  other *(specify):*
4. ☐  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

~~Steven Davis, CEO c/o~~ 4Access Communications Co., a Corp.
~~One North LaSalle, Suite 3015~~ and DOES 1-10 inclusive
~~Chicago, IL 60602~~

POR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Larry Bassel & Barbara Bassel
~~P.O. Box 12214~~
~~La Jolla, CA 92039-2214~~

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of San Diego, Central Div.
P.O. Box 122724
220 W. Broadway, San Diego, CA 92101

CASE NUMBER:
(Número del Caso):
37-2007-76081-CU-PT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Barbara M. Frezza, P.O. BOX 12214, La Jolla, CA 92039-2214
Tel: 858-558-9458

DATE:                          Clerk, by                    B. Orthuct...              , Deputy
(Fecha)   OCT 0 2 2007         (Secretario)                                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): 4Access Communications Co.
   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)        **SUMMONS**        Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Page 1 of 1

DEC-08-2007 02:50    From:4⬛    To:812136234581    Page:9/14

FILED    **POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Barbara M. Frezza, S.B. No.: 231176
Attorney at Law
P.O. Box 12214
La Jolla, CA 92039-2214
TELEPHONE NO.: 858-558-9458    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Larry Bassel & Barbara Bassel, Plaintiffs & in Pro Per

CIVIL BUSINESS *FOR COURT USE ONLY*
CENTRAL DIVISION

07 OCT 31 PM 2:01

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Judicial District

| PLAINTIFF/PETITIONER: Larry Bassel & Barbara Bassel | CASE NUMBER: |
| DEFENDANT/RESPONDENT: 4Access Comm. Co. & DOES 1-10 inclusive | 37-2007-76081-CU-OE-CTL |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Res. of Plaintiffs' Right to Seek Punitive Damages; Notice of Related Case

3. a. Party served *(specify name of party as shown on documents served)*:
   **4Access Communications Co., a corporation, Defendant**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **CSC Lawyers Incorporating Service, Agent for Service of Process in CA**

4. Address where the party was served:
   P.O. Box 526036, Sacramento, CA 95852

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    (2) at *(time)*:

   b. ☐ **by substituted service.** On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: Larry Bassel & Barbara Bassel | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 4Access Comm. Co. & DOES 1-10 inclusive | 37-2007-76081-CU-OE-CTL |

5.  c.  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date):  10·30·07                    (2) from (city):  SAN DIEGO

(3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) [ ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  [ ]  **by other means.** *(specify means of service and authorizing code section):*

[ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [ ]  as an individual defendant.
   b.  [ ]  as the person sued under the fictitious name of *(specify):*
   c.  [ ]  as occupant.
   d.  [✓]  On behalf of *(specify):*  4Access Communications Co., a corporation, Defendant
           under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**
   a.  Name:  PATRICIA FLYNN
   b.  Address:  3899 NOBEL DRIVE 1414, SAN DIEGO CA 92122
   c.  Telephone number:  858·699·5390
   d.  The fee for service was: $ 31.00
   e.  I am:
       (1)  [✓]  not a registered California process server.
       (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
       (3)  [ ]  a registered California process server:
           (i)  [ ] owner  [ ] employee  [ ] independent contractor.
           (ii)  Registration No.:
           (iii)  County:

8.  [✓]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9.  [ ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  10·30·07

PATRICIA FLYNN                               ▶  _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                                    (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Barbara M. Frezza, S.B. No.: 231176<br>Attorney at Law<br>P.O. Box 12214<br>La Jolla, CA 92039-2214<br>  TELEPHONE NO.:  858-558-9458         FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):*  Larry Bassel & Barbara Bassel, Plaintiffs & in Pro Per | FILED<br>CIVIL BUSINESS OFFICE 14<br>CENTRAL DIVISION<br><br>07 OCT 31 PH 2:01<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY. CA |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego<br>  STREET ADDRESS:  330 W. Broadway<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:  San Diego, CA 92101<br>  BRANCH NAME:  Central Judicial District |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Larry Bassel & Barbara Bassel<br><br>DEFENDANT/RESPONDENT: 4Access Comm. Co. & DOES 1-10 inclusive | CASE NUMBER:<br>37-2007-76081-CU-OE-CTL |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   - a. ☑ summons
   - b. ☑ complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☑ other *(specify documents):* Res. of Plaintiffs' Right to Seek Punitive Damages; Notice of Related Case

3. a. Party served *(specify name of party as shown on documents served):*
      4Access Communications Co., a corporation, Defendant

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Steven Davis, President & CEO, 4 Access Communications Co.

4. Address where the party was served:
   One North LaSalle, Suite 2015, Chicago, IL, 60602

5. I served the party *(check proper box)*
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*          (2) at *(time):*
   - b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

     - (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: Larry Bassel & Barbara Bassel | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 4Access Comm. Co. & DOES 1-10 inclusive | 37-2007-76081-CU-OE-CTL |

5.  c.  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*: 10·30·07    (2) from *(city)*: SAN DIEGO

    (3) [✓]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [✓]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  [ ]  by other means *(specify means of service and authorizing code section)*:

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify)*:

  c.  [ ]  as occupant.

  d.  [✓]  On behalf of *(specify)*:  4Access Communications Co., a corporation, Defendant

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  Person who served papers

  a.  Name: PATRICIA FLYNN

  b.  Address: 3899 NOBEL DRIVE 1414, SAN DIEGO CA 92122

  c.  Telephone number: 858·699·6390

  d.  The fee for service was: $ 31.00

  e.  I am:

    (1)  [✓]  not a registered California process server.

    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [ ]  a registered California process server:

      (i)  [ ]  owner  [ ]  employee  [ ]  independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  [✓]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  10·30·07

PATRICIA FLYNN
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
    (SIGNATURE)

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Barbara M. Frezza   S.B. No.: 231176 <br> Attorney at Law <br> P.O. Box 12214 <br> La Jolla, CA 92039-2214 <br> TELEPHONE NO.:             FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: 858-558-9458 <br> ATTORNEY FOR *(Name)*: Larry Bassel & Barbara Bassel, Plaintiffs & In Pro Per | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: Hall of Justice, 300 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 |
| BRANCH NAME: Central Division |

| PETITIONER/PLAINTIFF: Larry Bassel & Barbara Bassel |
|---|
| RESPONDENT/DEFENDANT: 4Access Comm. Co., a corporation & DOES 1-10, incl. |

| CASE NUMBER: |
|---|
| 37-2007-76081-CU-OE-CTL |

### PROOF OF SERVICE—CIVIL

**Check method of service** *(only one)*:

| | |  | | | |
|---|---|---|---|---|---|
| ☐ By Personal Service | ☑ By Mail | | ☐ By Overnight Delivery | | |
| ☐ By Messenger Service | ☐ By Facsimile | | ☐ By E-Mail/Electronic Transmission | | |

| JUDGE: Yuri Hofmann |
|---|
| DEPT.: 60 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and **not a party** to this action.

2. My address is *(specify one)*:

   a. ☐ Business:                    b. ☑ Residence:

   Desiree' Boynton
   9115 Judicial Dr. Apt. 4443
   San Diego, CA 92122

3. On *(date)*:                          I served the following documents *(specify)*:

   December 3, 2007              Atty. Declaration Supporting Certificate of Progress and requesting
   "        "                    extension of time to file Certificate of Service;
   December 3, 2007              SDSC-CIV-144 Certificate of Progress; USPS return receipts; Summons (2);
   "        "                    POS-010 Proofs of Service of Summons to CA Agent for SOP and CEO w/
   "        "                    Supporting Declaration by Patricia Flynn. (2)

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the **persons** below, as follows:

   a. Name of person served: Joseph Heery, CFO o/b/o 4Access Communications Co.

   b. Address of person served:

      One North LaSalle, Suite 2015, Chicago, IL 60602

   c. Fax number or e-mail address of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

      ☐ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means *(specify)*:

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4.
   (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use <br> Judicial Council of California <br> POS-040 [New January 1, 2005]        **PROOF OF SERVICE—CIVIL** <br> **(Proof of Service)**        Code of Civ. Proc., §§ 1011, <br> 1013, 1013a, 2015.5 <br> www.courtinfo.ca.gov

American LegalNet, Inc. <br> www.USCourtForms.com

| CASE NAME  Larry Bassel, et al, Plantiffs v.<br>4Access Comm. Co., et al, Defendants | CASE NUMB.<br>37-2007-76081-CU-OE-CTL |
|---|---|

5 b. [✓]  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) [✓]  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) [ ]  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, California

c. [ ]  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ]  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. [ ]  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. [ ]  **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 3, 2007

Desiree' Boynton

    (TYPE OR PRINT NAME OF DECLARANT)                                (SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

[ ]  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

    (NAME OF DECLARANT)                                    ▶      (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

1  Jeffrey S. Renzi (State Bar # 221963)
   Squire, Sanders & Dempsey L.L.P.
2  555 South Flower St., 31st Floor
   Los Angeles, CA 90071
3  Telephone:  +1.213.624.2500
   Facsimile:   +1.213.623.4581
4
   Attorneys for Defendant
5  4ACCESS COMMUNICATIONS COMPANY

6

7

8                           UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11  LARRY BASSEL and BARBARA          |  Case No. _____
    BASSEL,                           |
12                                    |  **DECLARATION OF JOSEPH E. HEERY**
                  Plaintiffs,         |  **IN SUPPORT OF NOTICE OF REMOVAL**
13                                    |
            vs.                       |
14                                    |
    4ACCESS COMMUNICATIONS CO. and    |       *REMOVED FROM:*
15  DOES 1 through 10,                |
                                      |  San Diego Superior Court
16                Defendants.         |  Case No. 37-2007-00076081-CU-OE-CTL

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOSEPH E. HEERY

I, Joseph E. Heery, declare as follows:

1.    I am the chief financial officer of 4Access Communications Company ("4Access"). I have held this position since March, 2002. I have first-hand, personal knowledge of the facts stated herein and, if called to testify, could and would competently testify to those facts.

2.    4Access is a corporation organized in the laws of the State of Delaware. I am the person employed by 4Access responsible for making sure that 4Access's annual reports are filed with the Secretary of State of Delaware.

3.    The executive and administrative functions of 4Access are primarily performed from 4Access's corporate headquarters located at One North LaSalle Street, Suite 2015, Chicago, Illinois 60602. Specifically, 4Access's chief executive officer, Steven D. Davis, maintains his office at 4Access's corporate headquarters in Chicago, Illinois. I also maintain my office at 4Access's corporate headquarters. The administration of corporate financial, payroll, sales, and employee benefit services occurs at 4Access's corporate headquarters. The only activity which occurs or has occurred in California relate to the design of hardware for 4Access's point-of-sale products.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 12, 2007 at Chicago, Illinois.

_____
Joseph E. Heery

Exhibit 4

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Barbara M. Frezza S.B. No.: 231176<br>Attorney at Law<br>P.O. Box 12214<br>La Jolla, CA 92039-2214<br>TELEPHONE NO.: 858-558-9458    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Larry Bassel & Barbara Bassel, Plaintiffs & In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Judicial District

PLAINTIFF/PETITIONER: Larry Bassel & Barbara Bassel

DEFENDANT/RESPONDENT: 4Access Communications Co. & DOES 1-10, incl.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2007-76081-CU-OE-CTL |
|---|---|

TO (insert name of party being served): 4Access Communications Co., a corporation, Defendant

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: *10·30·07*

*PATRICIA FLYNN*
(TYPE OR PRINT NAME)          ► _____ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
   Notice of Case Assignment; Superior Ct. of California Civil Cover Sheet; Notice of Related Case; Alternative Dispute Resolution Packet; Notice of Plaintiffs' Reservation of Right to Seek Punitive Damages; Notice and Acknowledgement of Receipt--Civil; Receipt for filing costs.

*(To be completed by recipient):*

Date this form is signed: *12/12/07*

*Joseph F Heary*
*4Access Communications Company*
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____ *CEO*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

1
2

## PROOF OF SERVICE
(Pursuant to Federal Law)

3       The undersigned certifies and declares as follows:

4       I am a resident of the State of California and over 18 years of age and am not a party to
this action.  My business address is 555 South Flower Street, 31st Floor, Los Angeles, California
5   90071-2300, which is located in the county where any non-personal service described below took
place.

6       On December 14, 2007, a copy of the following document(s):

7                       **NOTICE OF REMOVAL**

8

9   was served on:

10      Barbara M. Frezza, Esq.
        P. O. Box 12214
11      La Jolla, CA 92039-2214

12      Service was accomplished as follows.

13      ☒    **By U.S. Mail.**  I am "readily familiar" with the firm's practice of collection
and processing correspondence for mailing.  Under that practice the mail would be deposited
14  with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles,
California, in the ordinary course of business.  I am aware that on motion of the party served,
15  service is presumed invalid of postal cancellation date or postage meter date is more than one
day after date of deposit for mailing in affidavit.
16

17      ☐    **By personal delivery by Beverly Hills Express Attorney Services** of the
document(s) listed above to the person(s) at the address(es) set forth above.
18

19      ☐    **By Facsimile.**  On the above date, I transmitted the above-mentioned
document(s) by facsimile transmission machine to the parties noted above, whose facsimile
20  transmission machine telephone number is set forth above.

21

22      I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.  Executed on December 14, 2007, at Los Angeles, California.

23
24
25                                          _____
                                                    Phannie Tsui
26
27
28

# UNITED STATES
# DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

## # 145599    — SR

## December 17, 2007
## 10:22:22

### Civ Fil Non—Pris
USAO #.: 07CV2346
Judge..: M. JAMES LORENZ
Amount.:                     $350.00 CK
Check#.: BC#6501

## Total—>  $350.00

FROM: BASSEL V. 4ACCESS
      CIVIL FILING

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Larry Bassel and Barbara Bassel

## DEFENDANTS
4Access Communications Co.

07 CV 2346 L JMA

07 DEC 17 AM 10: 17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cook Co., Illinois
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barbara M. Frezza (SBN 231176)
P. O. Box 12214
La Jolla, CA 92039-2214
TEL: (858) 558-9458
FrezzaLaw@ix.netcom.com

ATTORNEYS (IF KNOWN)
Douglas J. Rovens, (SBN 106582)
Jeffrey S. Renzi (SBN 221963)
Squire, Sanders & Dempsey L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   28 U.S.C. Sec. 1332 because the amount in controversy exceeds $75,000 and is between citizens of different states.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure of | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____   Docket Number _____

DATE
December 12, 2007

SIGNATURE OF ATTORNEY OF RECORD
_____

#145599  #350

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

12/17/07

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2)   Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

(rev. 07/89)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

1

2

## PROOF OF SERVICE
(Pursuant to Federal Law)

3

The undersigned certifies and declares as follows:

4

5

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300, which is located in the county where any non-personal service described below took place.

6

On December 14, 2007, a copy of the following document(s):

7

## CIVIL COVER SHEET

8

9

was served on:

10

Barbara M. Frezza, Esq.
P. O. Box 12214
La Jolla, CA 92039-2214

11

12

Service was accomplished as follows:

13

14

15

16

☒　**By U.S. Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

18

☐　**By personal delivery by Beverly Hills Express Attorney Services** of the document(s) listed above to the person(s) at the address(es) set forth above.

19

20

☐　**By Facsimile.** On the above date, I transmitted the above-mentioned document(s) by facsimile transmission machine to the parties noted above, whose facsimile transmission machine telephone number is set forth above.

21

22

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 14, 2007, at Los Angeles, California.

23

24

25

Phannie Tsui

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, CA· 90071-2300

LOS ANGELES/256137.1

PROOF OF SERVICE