Jeffrey S. Renzi (State Bar # 221963)
Squire, Sanders & Dempsey L.L.P.
555 South Flower, 31st Floor
Los Angeles, CA 90071
Telephone:  +1.213.624.2500
Facsimile:   +1.213.623.4581

Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

FILED
07 DEC 17 AM 10: 17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BASSEL and BARBARA BASSEL,<br><br>Plaintiffs,<br><br>vs.<br><br>4ACCESS COMMUNICATIONS CO. and DOES 1 through 10,<br><br>Defendants. | Case No. '07 CV 2346 L JMA<br><br>**APPENDIX OF NON-FEDERAL AUTHORITY IN SUPPORT OF NOTICE OF REMOVAL**<br><br>*[Notice of Removal filed concurrently herewith]*<br><br>REMOVED FROM:<br><br>San Diego Superior Court<br>Case No. 37-2007-76081-CU-OE-CTL |

ORIGINAL

TO: CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE THAT** the following non-federal authorities are cited in Defendant 4Access Communications Company's Notice of Removal.

1. Cal. Code. Civ. Proc. §85 (2007).
2. Cal. Code. Civ. Proc. §88 (2007).
3. Cal. Code. Civ. Proc. §415.30(c) (2007).

Dated: December 14, 2007            Squire, Sanders & Dempsey L.L.P.

By: _____
Jeffrey S. Renzi
Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

LOSANGELES/256168.1

LEXSTAT CA CIV PROC 85

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 750, APPROVED 10/14/07 \*\*\*

CODE OF CIVIL PROCEDURE
Part 1. Of Courts of Justice
Title 1. Organization and Jurisdiction
Chapter 5.1. Limited Civil Cases
Article 1. Jurisdiction in Limited Civil Cases

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Code Civ Proc § 85 (2007)

**§ 85. Conditions for treatment as limited civil case**

An action or special proceeding shall be treated as a limited civil case if all of the following conditions are satisfied, and, notwithstanding any statute that classifies an action or special proceeding as a limited civil case, an action or special proceeding shall not be treated as a limited civil case unless all of the following conditions are satisfied:

(a) The amount in controversy does not exceed twenty-five thousand dollars ($25,000). As used in this section, "amount in controversy" means the amount of the demand, or the recovery sought, or the value of the property, or the amount of the lien, that is in controversy in the action, exclusive of attorneys' fees, interest, and costs.

(b) The relief sought is a type that may be granted in a limited civil case.

(c) The relief sought, whether in the complaint, a cross-complaint, or otherwise, is exclusively of a type described in one or more statutes that classify an action or special proceeding as a limited civil case or that provide that an action or special proceeding is within the original jurisdiction of the municipal court, including, but not limited to, the following provisions:

(1) Section 798.61 of the Civil Code.

(2) Section 1719 of the Civil Code.

(3) Section 3342.5 of the Civil Code.

(4) Section 86.

(5) Section 86.1.

(6) Section 1710.20.

(7) Section 7581 of the Food and Agricultural Code.

(8) Section 12647 of the Food and Agricultural Code.

(9) Section 27601 of the Food and Agricultural Code.

(10) Section 31503 of the Food and Agricultural Code.

(11) Section 31621 of the Food and Agricultural Code.

(12) Section 52514 of the Food and Agricultural Code.

(13) Section 53564 of the Food and Agricultural Code.

(14) Section 53069.4 of the Government Code.

(15) Section 53075.6 of the Government Code.

(16) Section 53075.61 of the Government Code.

(17) Section 5411.5 of the Public Utilities Code.

(18) Section 9872.1 of the Vehicle Code.

(19) Section 10751 of the Vehicle Code.

(20) Section 14607.6 of the Vehicle Code.

(21) Section 40230 of the Vehicle Code.

(22) Section 40256 of the Vehicle Code.

**HISTORY:**

Added Stats 1998 ch 931 § 28 (SB 2139), effective September 28, 1998.

**NOTES:**

**Former Sections:**

Former § 85, similar to present CCP § 582.5, was added Stats 1976 ch 1288 § 4, amended Stats 1977 ch 71 § 1, Stats 1982 ch 497 § 24, operative July 1, 1983, and repealed Stats 1998 ch 931 § 27, effective September 28, 1998.

Former § 85, relating to payment of money judgments in municipal or justice courts, was added Stats 1974 ch 1415 § 1 and repealed Stats 1976 ch 1288 § 3.

Former § 85, relating to establishment of municipal courts was, added Stats 1933 ch 743 § 13, amended Stats 1951 ch 1737 § 8, operative January 1, 1952, and repealed Stats 1953 ch 206 § 7.

Former § 85, relating to justices' courts and justices, was added Code Amdts 1880 ch 35 § 1, amended Stats 1915 ch 731 § 1, and repealed Stats 1933 ch 743 § 12.

Former § 85, relating to original jurisdiction of county courts, was enacted Stats 1872, amended Code Amdts 1873-74 ch 383 § 7, and omitted Code Amdts 1880 ch 35 § 1 in amending Part I.

Cal Code Civ Proc § 85

**Law Revision Commission Comments:**

**1998**

Former Section 85 is continued in Section 582.5 without substantive change, except that Section 582.5 refers to limited civil cases instead of cases brought in municipal court.

Section 85 is added to accommodate unification of the municipal and superior courts in a county. Cal. Const. art. VI, § 5(e). It facilitates differentiation among civil cases for purposes such as determining original jurisdiction in a county in which there is a municipal court (see Section 85.1), applying economic litigation procedures (see Section 91), and defining appellate jurisdiction (see Sections 904.1, 904.2).

The amount in controversy requirement of subdivision (a) derives from the $25,000 jurisdictional limit that applied to the municipal courts. See, e.g., 2 B. Witkin, California Procedure Courts § 249, at 323-25 (4th ed. 1996). Now, a case is a limited civil case and subject to the procedures for a limited civil case only if the amount in controversy is $25,000 or less. The last sentence of subdivision (a), defining "amount in controversy," continues the former second sentence of Section 91 without change. For discussion of calculating amounts in controversy in cases involving multiple causes, see R. Weil & I. Brown, Jr., California Practice Guide: Civil Procedure Before Trial, Jurisdiction and Venue §§ 3:97-3:111, at 3-22 to 3-24 (1997); 2 B. Witkin, California Procedure Jurisdiction §§ 38-44, at 582-86 (4th ed. 1996).

Subdivision (b) reflects and preserves limitations on the types of equitable relief awardable in a municipal court. See Section 580 & Comment. Where a money judgment for $25,000 or less would fully resolve a dispute and there is no need for a declaration of future rights, the case is a limited civil case despite a prayer for declaratory relief. See Cardellini v. Casey, 181 Cal. App. 3d 389, 396, 226 Cal. Rptr. 659 (1986).

Subdivision (c) continues the effect of former law, under which each county had one or more municipal courts and a superior court. Causes like those now listed in subdivision (c) were within the original jurisdiction of the municipal court and subject to procedures now applicable to a limited civil case. Where a cause within the original jurisdiction of the municipal court was properly joined with one within the original jurisdiction of the superior court, the entire case would be tried in the superior court. See, e.g., Wiggins v. Washington Nat'l Life Ins. Co., 246 Cal. App. 2d 840, 848, 55 Cal. Rptr. 129 (1966) ("from the moment defendant filed its cross-complaint for declaratory relief in the instant action the municipal court lost jurisdiction over the cause and was obliged to suspend further proceedings in the action and to transfer it to the superior court"); Armstrong v. Transcontinental Land & Water Co., 134 Cal. App. 2d Supp. 889, 285 P.2d 1031 (1955) (joinder of equitable cross-complaint compelled transfer of entire action to superior court). Subdivision (c) continues that policy by requiring that relief in a limited civil case be exclusively of a type described in one or more of the listed provisions, or an unlisted provision if the provision classifies the case as a limited civil case or places the case within the original jurisdiction of the municipal court. See, e.g., Section 688.010 (enforcement of state tax liability pursuant to warrant or notice of levy). If another type of cause is joined, the procedures for a limited civil case do not apply. See Sections 22 (action defined), 23 (special proceeding defined).

**Collateral References:**

Cal Forms Pl & Practice (Matthew Bender) ch 324 "Jurisdiction: Subject Matter".

12 Witkin Summary (10th ed) Real Property § 459.

Matthew Bender (R) Practice Guide: Cal. Debt Collection and Enforcement of Judgments §§ 6.24, 6.25.

Cal Code Civ Proc § 85

Matthew Bender (R) Practice Guide: Cal. Trial and Post Trial Civil Procedure § 26.18[5].

Matthew Bender(R) Practice Guide: California Contract Litigation, 3.03, 3.07, 12.21

Matthew Bender(R) Practice Guide: California Pretrial Civil Procedure, 10.01, 10.04, 15.01, 15.03, 15.05.

**Hierarchy Notes:**

Code Civ Proc Note

Pt. 1, Tit. 1 Note

Pt. 1, Tit. 1, Ch. 5.1 Note

NOTES OF DECISIONS

After a superior court order imposed discovery sanctions in an amount under $5,000 against appellant and his attorney the matter was transferred to the municipal court where it was resolved, and appellant lodged this appeal in the Court of Appeal. The court concluded that jurisdiction over the appeal properly resided with the appellate division of the superior court under CCP § 396. The court must treat the case, and all prior orders issued, as if the matter had originally been filed in the municipal court. Because municipal courts are courts of limited jurisdiction, appeals from municipal court judgments are to be heard by the appellate division of the superior court (CCP §§ 85, 86, 904.2). Review of a municipal court judgment by the Court of Appeal is discretionary and is limited to situations where it "appears necessary to secure uniformity of decision or to settle important questions of law." While this case presented a direct attack on a sanctions order, a different result should not obtain. Thus, procedurally, the result is that the order entered by the superior court is to be treated as if entered by a municipal court judge. Estrada v. Ramirez (1999, Cal App 2d Dist) 71 Cal App 4th 618, 84 Cal Rptr 2d 73, 1999 Cal App LEXIS 346.

Because there was insufficient evidence presented about the amount of restitution that was owed to unnamed class members, there was insufficient evidence for a trial court to conclude that the verdict in the fraud case against several accountants would have "necessarily" fell short of the $25,001 jurisdictional requirement for an unlimited civil case. Stern v. Superior Court (2002, Cal App 2d Dist) 103 Cal App 4th 1216, 127 Cal Rptr 2d 402, 2002 Cal App LEXIS 5053.


LEXSTAT CAL CODE CIV PROC § 88

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 750, APPROVED 10/14/07 \*\*\*

CODE OF CIVIL PROCEDURE
Part 1. Of Courts of Justice
Title 1. Organization and Jurisdiction
Chapter 5.1. Limited Civil Cases
Article 1. Jurisdiction in Limited Civil Cases

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Code Civ Proc § 88 (2007)

§ 88. "Unlimited civil case"

A civil action or proceeding other than a limited civil case may be referred to as an unlimited civil case.

**HISTORY:**

Added Stats 1999 ch 344 § 4 (SB 210), effective September 7, 1999.

**NOTES:**

**Former Sections:**

Former § 88, relating to powers of justice court clerks, was added Stats 1976 ch 1288 § 7 and repealed Stats 1998 ch 931 § 32, effective September 28, 1998. Historical Derivation: (a) Former CCP § 103a, as added Stats 1915 ch 565 § 1, amended Stats 1933 ch 743 § 15, Stats 1951 ch 867 § 1. (b) Former CCP § 102, as added Stats 1911 ch 264 § 4, amended Stats 1913 ch 678 § 1.

Former § 88, relating to powers and duties of marshal of municipal court, was added Stats 1933 ch 743 § 13 and repealed Stats 1953 ch 206 § 7.

Original § 88, relating to terms of the county court for their respective counties, was enacted 1872, amended by Code Amdts 1877-78 ch 250 § 2, and omitted by Code Amdts 1880 ch 35 § 1 in amending Part I.

**Law Revision Commission Comments:**

**1999**

Section 88 is added to provide a convenient means of referring to a civil case other than a limited civil case. The new term ("unlimited civil case") reflects the broad jurisdiction of the superior court. Cal. Const. art. VI, § 10. A small claims case is a type of limited civil case, not an unlimited civil case. See Sections 85 & 87 & Comments.

**Collateral References:**

12 Witkin Summary (10th ed) Real Property § 728.

Matthew Bender(R) Practice Guide: California Civil Discovery, 1.13.

Rutter Cal Prac Guide, Civil Procedure Before Trial, 3:2.2, 58.

**Hierarchy Notes:**

Code Civ Proc Note

Pt. 1, Tit. 1 Note

Pt. 1, Tit. 1, Ch. 5.1 Note

LEXSTAT CAL CODE CIV PROC § 415.30

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 750, APPROVED 10/14/07 \*\*\*

CODE OF CIVIL PROCEDURE
Part 2. Of Civil Actions
Title 5. Jurisdiction and Service of Process
Chapter 4. Service of Summons
Article 3. Manner of Service of Summons

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Code Civ Proc § 415.30 (2007)

**§ 415.30. Service by mail; Articles mailed; Form of notice; When service complete; Liability for expense on failure to return acknowledgment; Approved form**

   (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

   (b) The notice specified in subdivision (a) shall be in substantially the following form:

   Click here to view form

   (c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.

   (d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgment form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

   (e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

**HISTORY:**

   Added Stats 1969 ch 1610 § 3, operative July 1, 1970.

**NOTES:**

Cal Code Civ Proc § 415.30

**Historical Derivation:**

(a) Former § 410.

(b) Former § 411, as enacted 1872, amended Code Amdts 1873-74 ch 383 § 49, Stats 1915 ch 566 § 1, Stats 1919 ch 41 § 1, Stats 1921 ch 108 § 1, Stats 1931 ch 863 § 1, Stats 1941 ch 1230 § 2, Stats 1943 ch 159 § 2, Stats 1945 ch 1377 § 1, Stats 1947 ch 1090 § 1, Stats 1955 ch 1519 § 2, Stats 1957 ch 826 § 1, Stats 1961 ch 638 § 1, Stats 1965 ch 1659 § 1, Stats 1967 ch 1324 § 4, Stats 1968 ch 132 § 2.

(c) Former CCP § 848, as enacted 1872, amended Code Amdts 1873-74 ch 383 § 118, Code Amdts 1875-76 ch 498 § 3, Stats 1907 ch 478 § 5, Stats 1909 ch 229 § 1, Stats 1929 ch 57 § 1.

(d) Former § 849, as amended by Code Amdts 1873-74 ch 523 § 2 p 407, Stats 1891 ch 53 § 1 p 51, Stats 1905 ch 32 § 1 p 27, Stats 1929 ch 354 § 1 p 681.

(e) Practice Act § 28 (Stats 1851 ch 5 § 28 p 55), as amended by Stats 1855 ch 53 § 1 p 61, Stats 1855 ch 155 § 2 p 196, Stats 1859 ch 55 § 2 p 39, Stats 1860 ch 314 § 2 p 298, Stats 1869-70 ch 409 § 1 p 574.

(f) Practice Act § 29 (Stats 1851 ch 5 § 29 p 55), as amended by Stats 1854 ch 54 § 6 p 59, Stats 1861 ch 432 § 1 p 496.

(g) Practice Act § 542 (Stats 1851 ch 5 § 542 p 136).

(h) Practice Act § 613 (Stats 1851 ch 5 § 613 p 148), as amended by Stats 1860 ch 314 § 29 p 305, Stats 1865-66 ch 383 § 1 p 467.

(i) Practice Act § 614 (Stats 1851 ch 5 § 614 p 148).

(j) Stats 1850 ch 142 § 26 p 430.

**Judicial Council Comment:**

*No comparable CCP Section.*

Section 415.30 provides one of two methods authorized by this article for delivering process by mail to the person or persons to be served. The other method of mail service is specified in Section 415.40. Still other methods of mail service are specified in other statutes of this state. (For a comprehensive list, see 31 So Cal L Rev 339.)

The person or persons to be served under this section are enumerated in Sections 416.10 through 416.90. If two or more persons are to be served in an action, each of them may be served by this or any other authorized method.

This method of mail service may be used to deliver process to anyone within or outside this state. Regular communication by mail must, of course, exist between the place of mailing and the place of delivery. (Cf. Cal Code Civ Proc § 1012.)

Process consists of a copy, in proper form, of the summons and of the complaint, and must be sent by first-class mail or airmail, postage prepaid, to the person to be served, together with two copies of the form of notice and acknowledgment of receipt specified in subdivision (b) and a return envelope, postage prepaid, addressed to the sender. One copy of this form must be executed and returned to the sender by the person to whom it was mailed, or by his

agent, if service is to be made on him as an individual. If service is to be made on him in a representative capacity, such as an agent, officer, or employee of a corporate or noncorporate entity, he or another person authorized to receive such service must execute the form in such representative capacity.

Service is complete on the date the form is executed if thereafter it is returned to the sender. But if this form, or an equivalent written acknowledgment of receipt, is not returned to the sender within 20 days after it has been mailed to such person, the sender may attempt to effect service on him in another manner authorized by this chapter, and, except for good cause shown, the plaintiff is entitled to recover the costs of other service or attempted service from the defendant regardless of whether he, the plaintiff, is otherwise entitled to recover his costs in the action. If service is effected in another manner before it is effected under this section, service is deemed complete at the time specified in the section governing that manner of service. (See Sections 415.10 through 415.50.)

Proof of service is governed by Sections 417.10 through 417.30.

**Cross References:**

Extensions of time for service by mail: CCP § 413.20.

Service on persons outside country: CCP § 415.40.

Time when service complete: CCP §§ 415.40, 1013.

Service by mail: CCP §§ 1012 et seq.

Order of court for service upon Secretary of State where process against domestic corporation cannot be served with reasonable diligence upon designated agent by hand as provided in this section: Corp C § 1702.

**Collateral References:**

Cal Forms Pl & Practice (Matthew Bender) ch 518 "Service of Summons and Papers", § 518.16[4].

8 Witkin Summary (10th ed) Constitutional Law § 1202.

14 Witkin Summary (10th ed) Wills and Probate §§ 511, 562, 723, 750, 762, 910, 920, 940, 1061.

Cal. Legal Forms, (Matthew Bender) § 15A.51[5].

Matthew Bender(R) Practice Guide: California Pretrial Civil Procedure, 8.07, 8.14, 8.21, 8.36, 8.40, 8.46, 8.50, 8.51.

Matthew Bender(R) Practice Guide: Federal Pretrial Civil Procedure in California, 7.02, 7.25, 7.26, 7.27, 7.29

Witkin Procedure (4th ed), "Actions" §§ 930-934, 985.

Cal Jur 3d (Rev) Eminent Domain § 315, Guardianship and Conservatorship § 28, 32, 232, 306, 309, 366, 376, 411, 427, 486.

Handling service of process in California civil proceedings. CEB Action Guide, Winter 1990.

Rutter Cal Prac Guide, Civil Procedure Before Trial §§ 4:92 et seq., 105.3; Family Law §§ 3:370 et seq.

**Law Review Articles:**

Constitutionality of California trustee's sales; reformation of the notice provisions. 61 Cal LR 1292.

Service by mail provisions of California's new jurisdiction statute. 21 Hast LJ 1281.

Service of process by mail-proposed revision. 48 St BJ 249.

**Hierarchy Notes:**

Pt. 2, Tit. 5 Note

Pt. 2, Tit. 5, Ch. 4 Note

Pt. 2, Tit. 5, Ch. 4, Art. 3 Note

NOTES OF DECISIONS

In an action by a wife against her husband for personal injury resulting from an automobile accident in which defendant was not served with summons for more than three years and the case was dismissed pursuant to former CCP § 581a, (see now CCP §§ 583.140 et seq.), plaintiff failed to establish that defendant was not amenable to process during his absence from the state, where declarations showed that both spouses were in Jamaica for most of the time covered by the three year statute, and where defendant stated at all times that he wanted his wife to prevail and recover her rightful damages. Defendant could easily have been served by mail and could have executed an acknowledgment of receipt of the summons under CCP, § 415.30. Buchanan v. Buchanan (1979, 2nd Dist) 99 Cal App 3d 587, 160 Cal Rptr 577, 1979 Cal App LEXIS 2357.

In a wrongful death action, the trial court erred in denying a corporation's motions to quash service and dismiss it from the action for lack of service of summons and return thereof within three years of the commencement of the action, as required by Code Civ. Proc., § 581, subd. (a), where plaintiffs attempted service under Code Civ. Proc., § 415.30, by mailing copies of the summons and first amended complaint, and the appropriate notice and acknowledgment of receipt of summons (Code Civ. Proc., § 415.30, subd. (a)) to the corporation's agent for service in California by certified mail, return receipt requested, but the acknowledgement was not executed and returned by the agent, since that service was not completed (Code Civ. Proc., § 415.30, subd. (c)). The postal service returned receipt did not suffice as a substitute for an executed acknowledgment of receipt of summons. Service was not completed under Code Civ. Proc., § 415.40, inasmuch as no person outside California was involved, nor was service sufficient under Code Civ. Proc., § 415.20 (leaving and mailing copies of the summons and the complaint). Furthermore, plaintiffs' personal service upon the corporation subsequent to the trial court's order denying the motions to quash and dismiss, and subsequent to the expiration of the three-year period, was too late under § 581, subd. (a), unless the tardiness could be excused pursuant to the limited principles delineated in recent decisional law of the California Supreme Court. Tandy Corp. v. Superior Court of Sacramento County (1981, 3rd Dist) 117 Cal App 3d 911, 173 Cal Rptr 81, 1981 Cal App LEXIS 1609.

Although personal jurisdiction may be obtained by consent, in a marriage dissolution proceeding, the husband, a resident of Illinois, did not consent to jurisdiction over his person by signing an acknowledgement of receipt of summons which was mailed to him in Illinois. Consent implies a concurrence of wills; it also implies a knowledge of

Case 3:07-cv-02346-L-JMA   Document 1-2   Filed 12/17/2007   Page 16 of 18

Page 5

Cal Code Civ Proc § 415.30

the consequences of the consent. The form which the husband signed, substantially the same as the form prescribed by Code Civ. Proc., § 415.30, subd. (b), did not tell him that his signing and returning it would subject him to the power of the California court to order him to pay money to the wife on pain of fine or jail. Nor did it tell him he would not subject himself to that power if he did not sign and return it. It did tell him that if he did not sign and return it, that he might have to pay any expenses incurred in serving him. Further, the husband merely acknowledged receipt of mailed documents; he acknowledged nothing whatsoever concerning their legal effect. In re Marriage of Merideth (1982, 1st Dist) 129 Cal App 3d 356, 180 Cal Rptr 909, 1982 Cal App LEXIS 1326.

The trial court in a civil action committed reversible error by denying a nonresident defendant's motion to set aside a default judgment entered against defendant, where the trial court had erroneously granted the initial order for publication of summons, upon which all subsequent proceedings, including the default judgment, depended. Plaintiff had either intentionally or unintentionally falsified the application for order for publication of summons by stating that service could not be made pursuant to Code Civ. Proc., § 415.30, which authorizes service by mail. At the time of the application, plaintiff knew defendant's post office address and knew defendant was receiving mail there, even though plaintiff did not possess a residence or business address for defendant. Since the motion for service by publication was defective as a matter of law, the service by publication was invalid, and defendant's failure to file an answer to the improperly served complaint did not represent a default. The trial court had a legal duty, not merely discretionary power, to vacate the default it had erroneously entered. Transamerica Title Ins. Co. v. Hendrix (1995, 2nd Dist) 34 Cal App 4th 740, 40 Cal Rptr 2d 614, 1995 Cal App LEXIS 403.

Under Code Civ. Proc., § 415.30, which provides that a summons may be served by mail, a post office box is a sufficient address for compliance. Although the Judicial Council Comment following Code Civ. Proc., § 415.50, states that service by mail is not required "where a defendant's whereabouts and his dwelling house or usual place of abode, etc., cannot be ascertained with reasonable diligence," a post office box falls into the "etc." category. Statutory language and judicial comments should be read to achieve the statute's fundamental objective of serving notice on a defendant. Whenever possible a statute should be interpreted as broadly as necessary to effectuate the statute's purpose. Transamerica Title Ins. Co. v. Hendrix (1995, 2nd Dist) 34 Cal App 4th 740, 40 Cal Rptr 2d 614, 1995 Cal App LEXIS 403.

Service through the Hague Service Convention (a multilateral treaty formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law) provides the exclusive means of service on a Canadian national if there is occasion to transmit judicial or extrajudicial documents abroad. In California, service on an individual may be made by personal delivery of a copy of the summons and complaint (Code Civ. Proc., § 415.10), substituted service by leaving a copy of the summons and complaint with a competent person at the individual's business, office, dwelling, usual place of abode or usual mailing address (Code Civ. Proc., § 415.20.), sending summons by first class mail with return receipt requested, or coupled with an acknowledgment and return envelope with postage prepaid (Code Civ. Proc., §§ 415.30, 415.40), serving summons by publication where, upon application, it appears the party to be served cannot with reasonable diligence be served in another manner (Code Civ. Proc., § 415.50, subd. (a)), or, if the party's address is ascertained before expiration of the time prescribed for publication of the summons, by mailing copies of the complaint, summons and order for publication to the person (Code Civ. Proc., § 415.50, subd. (b)). With one possible exception, each of these methods would require transmission of documents abroad and, under Code Civ. Proc., § 413.10, are therefore subject to the Hague Service Convention. Kott v. Superior Court (1996, 2nd Dist) 45 Cal App 4th 1126, 53 Cal Rptr 2d 215, 1996 Cal App LEXIS 472.

In an action challenging the approval of a conditional use permit for the remodeling of a theater, the trial court properly granted the city's motion for summary judgment on grounds that the initial pleading was not served and filed within 90 days of the adoption of the resolution at issue (Gov C § 65009(c)(1)). Service of the petition was governed by CCP § 412.10 et seq., the provisions for serving summonses and complaints, not by CCP § 1010 et seq., the provisions for serving notices. The relevant statute was thus CCP § 415.30(c), under which service was deemed complete on the 91st day, when the city clerk executed an acknowledgment of receipt of the summons. Nor was the doctrine of substantial compliance applicable, since the statutory scheme mandated strict compliance with the statute of limitations

Cal Code Civ Proc § 415.30

and service periods. Wagner v. City of South Pasadena (2000, 2nd Dist) 78 Cal App 4th 943, 93 Cal Rptr 2d 91, 2000 Cal App LEXIS 143.

**SUGGESTED FORMS**

    Notice of Motion To Recover Costs of Personal Service

**PROOF OF SERVICE**
(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300, which is located in the county where any non-personal service described below took place.

On December 14, 2007, a copy of the following document(s):

**APPENDIX OF NON-FEDERAL AUTHORITY IN SUPPORT OF NOTICE OF REMOVAL**

was served on:

Barbara M. Frezza, Esq.
P. O. Box 12214
La Jolla, CA 92039-2214

Service was accomplished as follows.

☒ **By U.S. Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **By personal delivery by Beverly Hills Express Attorney Services** of the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **By Facsimile.** On the above date, I transmitted the above-mentioned document(s) by facsimile transmission machine to the parties noted above, whose facsimile transmission machine telephone number is set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 14, 2007, at Los Angeles, California.

Phannie Tsui

SQUIRE, SANDERS &
DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, CA 90071-2300

LOSANGELES/256137.1

PROOF OF SERVICE