1  Jeffrey S. Renzi (State Bar # 221963)
   SQUIRE, SANDERS & DEMPSEY L.L.P.
2  555 South Flower Street, 31st Floor
   Los Angeles, CA  90071-2300
3  Telephone:   +1.213.624.2500
   Facsimile:   +1.213.623.4581
4  jrenzi@ssd.com

5  Attorneys for Defendant
   4ACCESS COMMUNICATIONS COMPANY
6

7

8              UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT

10

11 LARRY BASSEL and BARBARA          Case No.  3:07-cv-02346-L-JMA
   BASSEL,
12                                   **ANSWER TO COMPLAINT**
              Plaintiffs,
13
         vs.
14                                   *REMOVED FROM*:
   4ACCESS COMMUNICATIONS CO. and
15 DOES 1 through 10,                San Diego Superior Court
                                     Case No. 37-2007-76081-CU-OE-CTL
16            Defendants.

17

18

19 Defendant 4ACESS COMMUNICATIONS COMPANY ("4ACCESS") hereby answers (the

20 "Answer") the complaint filed by plaintiff LARRY BASSEL and BARBARA BASSEL

21 (collectively, "Plaintiffs") as follows

22                  **JURISDICTION AND VENUE**

23      1.     4ACCESS admits that jurisdiction of this Court over Defendant is proper.

24      2.     4ACCESS admits the allegations contained in paragraph 2.

25      3.     4ACCESS admits that it is a corporation organized and existing under the laws of

26 Delaware and that it is qualified to do business and does business within California. Defendant

27 denies that its principal place of business is located in California.

28

4.     4ACCESS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies such allegations.

5.     4ACCESS denies the allegations contained in paragraph 5.

6.     Unless and until Plaintiffs allege the identities of DOES 1 through 10, 4ACCESS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies such allegations.

7.     4ACCESS denies that it is the alter ego of any individual or other entity and, therefore, denies the allegations contained in paragraph 7.

8.     4Access denies that it is the alter ego of any individual or other entity and, therefore, denies the allegations contained in paragraph 8.

## **GENERAL ALLEGATIONS**

9.     4ACCESS incorporates by reference its answers to paragraphs 1 through 8 as if fully set forth herein.

10.     4ACCESS admits the allegations contained in paragraph 10.

11.     4ACCESS admits that the letter agreement was signed by R.J. Hartnett acting as human resources manager for 4Access and Plaintiff Larry Bassel, and that the terms set forth in the letter agreement speak for themselves. 4Access denies all other allegations contained in paragraph 11 to the extent that they are inconsistent with the foregoing admissions and the terms of the letter agreement.

12.     4ACCESS admits that Plaintiff Larry Bassel's employment commenced on June 24, 2002 and terminated effective January 31, 2004, and owed duties to 4ACCESS as his employer with respect to intellectual property. 4ACCESS denies all other allegations contained in paragraph 12.

13.     4ACCESS denies the allegations contained in the first sentence of paragraph 13. 4ACCESS admits the allegations contained in the second sentence of paragraph 13.

14.     4ACCESS admits that the email attached as Exhibit 2 was delivered to Plaintiff Larry Bassel, but denies the remaining allegations contained in paragraph 14.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**
**(Breach of Contract against all Defendants)**

15.     4ACCESS denies the allegations contained in paragraph 15. Pleading further, 4ACCESS states that Plaintiff Larry Bassel's employment was terminated for failure to perform the responsibilities of his job with requisite skill and timeliness.

16.     4ACCESS incorporates by reference its answers to paragraphs 1 through 8 as if fully set forth herein.

17.     4ACCESS denies that it required Plaintiff Larry Bassel to sign a Separation Agreement and Release but state that Mr. Bassel's execution of the Separation Agreement and Release was done voluntarily and without coercion. 4ACCESS admits that a true and correct copy of the Separation Agreement and Release is attached as Exhibit 3 and that the terms of it speak for themselves. 4ACCESS denies all other allegations contained in this paragraph which are inconsistent with the foregoing admissions and the terms of the Separation Agreement and Release.

18.     4ACCESS denies the allegations contained in paragraph 18.

19.     4ACCESS moves to strike the allegations contained in Paragraph 19 as they are not relevant to the causes of action asserted by Plaintiffs.

20.     4ACCESS denies the allegations contained in paragraph 20.

21.     4ACCESS denies the allegations contained in paragraph 21.

22.     4ACCESS denies the allegations contained in paragraph 22.

23.     4ACCESS denies that Plaintiffs are entitled to any relief whatsoever.

**SECOND CAUSE OF ACTION**
**(Violation of Labor Code against all Defendants)**

24.     4ACCESS incorporates by reference its answers to paragraphs 1 through 24 as though fully set forth herein.

25.     4ACCESS states that Labor Code Section 201 speaks for itself and, therefore, 4ACCESS neither admits nor denies the allegations contained in this paragraph.

ANSWER TO COMPLAINT

26.    4ACCESS admits that it owed wages to Plaintiff Larry Bassel as of January 31, 2004. 4ACCESS denies the allegations contained in paragraph 26 to the extent that they are inconsistent with this admission.

27.    4ACCESS denies the allegations contained in paragraph 27.

28.    4ACCESS denies the allegations contained in paragraph 28.

29.    4ACCESS denies the allegations contained in paragraph 29.

30.    4ACCESS denies that it owes wages to Plaintiff Larry Bassel. In light of this denial, the remaining allegations contained in paragraph 30 are rendered moot.

31.    4ACCESS denies the allegations contained in paragraph 31.

32.    4ACCESS denies that Plaintiff is entitled to an award of reasonable attorneys fees and costs pursuant to Section 218.5 of the Labor Code.

33.    4ACCESS denies that Plaintiffs are entitled to any relief whatsoever.

### THIRD CAUSE OF ACTION
### (Fraud Against all Defendants)

34.    4ACCESS incorporates by reference its answers to paragraphs 1 through 33 as though fully set forth herein.

35.    4ACCESS admits the allegations contained in paragraph 35.

36.    4ACCESS denies that Plaintiff Larry Bassel specifically requested an application from 4ACCESS for COBRA Continuation Coverage on or about January 21, 2004, and denies that it prepared the form set forth as Exhibit 4.

37.    4ACCESS admits that the emails attached as Exhibit 5 are true and correct copies of emails exchanged between Plaintiff Larry Bassel and 4Access's chief financial officer, Joe Heery, but denies all other inconsistent allegations contained in this paragraph..

38.    4ACCESS admits the allegations contained in paragraph 38.

39.    4ACCESS states that the content of the emails attached as Exhibit 5 speak for themselves and, therefore, 4ACCESS denies the allegations contained in paragraph 39 to the extent that they are inconsistent with the statements made by Mr. Heery in the emails attached as Exhibit 5.

1    40.    4ACCESS denies the allegations contained in paragraph 40.

2    41.    4ACCESS denies the allegations contained in paragraph 41.

3    42.    4ACCESS states that the monthly premium payments payable for continuation of

4    benefits coverage was explained to Plaintiffs and, therefore, denies the allegations contained in

5    paragraph 42.

6    43.    4ACCESS is without knowledge or information sufficient to form a belief as to the

7    truth of the allegations contained in paragraph 43 of the Complaint and therefore denies such

8    allegations.

9    44.    4ACCESS denies the allegations contained in paragraph 44.

10    45.    4ACCESS denies the allegations contained in paragraph 45.

11    46.    4ACCESS denies the allegations contained in paragraph 46.

12    47.    4ACCESS denies the allegations contained in paragraph 47.

13    48.    4ACCESS denies that Plaintiffs are entitled to any relief whatsoever.

14

15                          **FOURTH CAUSE OF ACTION**
                  **(Negligent Misrepresentation Against All Defendants)**

16    49.    4ACCESS incorporates by reference its answers to paragraphs 1 through 48 as

17    though fully set forth herein.

18    50.    4ACCESS can neither admit nor deny the allegations contained in this paragraph

19    because paragraph 40 does not allege representations made by Joe Heery and paragraph 41 does

20    not contain what Plaintiffs believe to be the "true facts." Accordingly, 4ACCESS denies the

21    allegations contained in paragraph 50.

22    51.    4ACCESS can neither admit nor deny the allegations contained in this paragraph

23    because this paragraph is based on representations made by Joe Heery and erroneously assumed

24    by this paragraph to be alleged in paragraph 40. Accordingly, 4ACCESS denies the allegations

25    contained in paragraph 51.

26    52.    4ACCESS can neither admit nor deny the allegations contained in this paragraph

27    because this paragraph is based on representations made by Joe Heery and erroneously assumed

28

1    by this paragraph to be alleged in paragraph 40. Accordingly, 4ACCESS denies the allegations

2    contained in paragraph 52.

3    53.    4ACCESS can neither admit nor deny the allegations contained in this paragraph

4    because this paragraph is based on representations made by Joe Heery and erroneously assumed

5    by this paragraph to be alleged in paragraph 40. Accordingly, 4ACCESS denies the allegations

6    contained in paragraph 53.

7    54.    4ACCESS can neither admit nor deny the allegations contained in this paragraph

8    because this paragraph is based on representations made by Joe Heery and erroneously assumed

9    by this paragraph to be alleged in paragraph 40. Accordingly, 4ACCESS denies the allegations

10    contained in paragraph 54.

11    55.    4ACCESS denies the allegations contained in paragraph 55.

12    56.    4ACCESS denies the allegations contained in paragraph 56.

13    57.    4ACCESS denies that Plaintiffs are entitled to any relief whatsoever.

14

15                          **FIFTH CAUSE OF ACTION**
                      **(Conversion Against All Defendants)**

16    58.    4ACCESS incorporates by reference its answers to paragraphs 1 through 48 as

17    though fully set forth herein.

18    59.    4ACCESS denies the allegations contained in paragraph 59.

19    60.    4ACCESS is without knowledge or information sufficient to form a belief as to the

20    truth of the allegations contained in paragraph 60 of the Complaint and therefore denies such

21    allegations.

22    61.    4ACCESS denies the allegations contained in paragraph 61.

23    62.    4ACCESS admits that Exhibit 6 is a true and correct copy of a check from Barbara

24    Bassel. 4ACCESS denies the remaining allegations contained in paragraph 62.

25    63.    4ACCESS denies the allegations contained in paragraph 63.

26    64.    4ACCESS denies the allegations contained in paragraph 64.

27    65.    4ACCESS denies that Plaintiffs are entitled to any relief whatsoever.

28

**SIXTH CAUSE OF ACTION**
**(Unlawful, Unfair or Fraudulent Business Acts or Practices Against All Defendants)**

66.    4ACCESS incorporates by reference its answers to paragraphs 1 through 48 as though fully set forth herein.

67.    4ACCESS denies the allegations contained in paragraph 67.

68.    4ACCESS denies the allegations contained in paragraph 68.

69.    4ACCESS denies the allegations contained in paragraph 69.

70.    4ACCESS denies the allegations contained in paragraph 70.

71.    4ACCESS denies the allegations contained in paragraph 71.

72.    4ACCESS denies the allegations contained in paragraph 72.

73.    4ACCESS denies the allegations contained in paragraph 72.


4ACCESS' Additional Defenses are listed below.  4ACCESS reserves the right to amend its Answer to include other Additional Defenses, consistent with the facts discovered in this case.

**First Defense**
**(Failure to State a Claim for Relief)**

1.    Plaintiffs fail to state a claim for which relief may be granted.

**Second Defense**
**(Statute of Limitations)**

2.    Plaintiffs' alleged claims are barred by the relevant statutes of limitations.

**Third Defense**
**(Comparative Fault)**

3.    Plaintiffs are barred, in whole or in part, because any damages they allegedly suffered were caused, in whole or in part, by its own negligence.

**Fourth Defense**
**(Integration)**

4.    Plaintiffs' alleged claims for fraud and negligent misrepresentation are barred by the integrated agreement that was entered into between the parties.

1

2

**Fifth Defense**
**(Waiver)**

3       5.       Plaintiffs' complaint, and each purported claim contained therein, is barred by the

4   Doctrine of Waiver.

5

6

**Sixth Defense**
**(Laches)**

7       6.       Plaintiffs' complaint, and each purported claim contained therein, is barred by the

8   Doctrine of Laches.

9

10

**Seventh Defense**
**(Unclean Hands)**

11       7.       Plaintiffs' complaint, and each purported claim contained therein, is barred by the

12   Doctrine of Unclean Hands.

13

14

**Eighth Defense**
**(Failure to Perform)**

15       8.       Plaintiffs' claims against 4ACCESS are barred by Plaintiffs' failure to perform or

16   satisfy some or all of the conditions precedent to any further obligations of 4ACCESS.

17

18

**Ninth Defense**
**(Accord and Satisfaction)**

19       10.       Plaintiffs' claims in the complaint are barred, in whole and/or in part, by accord

20   and satisfaction.

21

22

**Tenth Defense**
**(Setoff)**

23       11.       Plaintiffs' claims in the complaint are barred, in whole and/or in part, by setoff.

24

25

**PRAYER FOR RELIEF**

26       1.       That Plaintiffs take nothing by way of their claims asserted in the complaint;

27       2.       That 4ACCESS receive its costs and reasonable attorneys fees as allowable by

28   law;

1    3.    For such other and further relief as the Court deems proper and just.

2

3    Dated:    January 7, 2008                    Squire, Sanders & Dempsey L.L.P.

4

5    By:    _____s/Jeffrey S. Renzi_____
                                                    Jeffrey S. Renzi

6

7    Attorneys for Defendant and Counterclaimant
     4 ACCESS COMMUNICATIONS COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action.  My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300, which is located in the county where any non-personal service described below took place.

On January 7, 2008, a true and accurate copy of the following document:

4ACCESS COMMUNICATIONS COMPANY'S ANSWER TO COMPLAINT

was electronically filed with the Court, to be served by operation of the Court's electronic filing system on:

BARBARA M. FREZZA (S.B. No .: 231176)
Attorney at Law
P.O. Box 12214
LA Jolla, CA 92039-2214
Phone: (858) 558-9458
FrezzaLaw@ix.netcom.com

Counsel for LARRY BASSEL and BARBARA BASSEL

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on January 7, 2008, at Los Angeles, California.

By:  _____ s/Jeffrey S. Renzi _____
Jeffrey S. Renzi

LOSANGELES/257209.1
100267.00002

SQUIRE, SANDERS &
DEMPSEY L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300

PROOF OF SERVICE

- 1 -