Barbara M. Frezza, S.B. No.: 231176
Attorney at Law
P.O. Box 12214
LA Jolla, CA 92039-2214
Phone: (858) 558-9458
FrezzaLaw@ix.netcom.com

Attorney for Plaintiffs and In Propria Persona
LARRY BASSEL & BARBARA BASSEL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BASSEL and BARBARA BASSEL,<br><br>Plaintiffs,<br><br>v.<br><br>4ACCESS COMMUNICATIONS CO.,<br><br>and DOES 1 through 10<br><br>Defendants. | Case No.: 07-cv-02346-L (JMA)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES SUPPORTING:**<br><br>**1. MOTION TO REMAND;**<br><br>**2. MOTION FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES INCURRED DUE TO IMPROPER REMOVAL.**<br><br>**[Attorney Declaration and Supporting documents filed concurrently.]**<br><br>Date: February 11, 2008<br>Time: 10:30 a.m.<br>Dept.: Courtroom 14<br>Judge: Hon. M. James Lorenz<br><br>**ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF POINTS & AUTHORITIES

### I. PROCEDURAL HISTORY

On October 2, 2007, plaintiffs Larry Bassel and Barbara Bassel filed this action against Mr. Bassel's former employer, 4Access Communications Co. and DOES 1 through 10, in the Superior Court of the County of San Diego. Plaintiffs stipulate that there was complete diversity of citizenship between the named parties at time of removal. Defendant 4Access is a Delaware corporation with its

headquarters in Chicago, Illinois. The plaintiffs are, and at all times material to their cause of action were, domiciled in the County of San Diego.

The gist of plaintiffs' claims include: (1) Defendants breached Mr. Bassel's employment agreement, as well as subsequent agreements regarding compensation. (2) Defendants failed to pay Mr. Bassel all earned wages due upon his effective termination on January 31, 2004, pursuant to California Labor Code §201. (3) Defendants committed fraud by failing to provide the COBRA Continuation Coverage requested by plaintiffs, charged plaintiffs for the substantially more expensive COBRA coverage, and terminated coverage without notice despite plaintiffs' continued payment of premiums. These actions, coupled with defendants' failure to provide plaintiffs with a Certificate of Creditable Coverage caused Mrs. Bassel, a disabled person pursuant to California Government Code §12926, to be turned down for subsequent health insurance. (4) Defendants misrepresented the nature of the coverage by failing to notify plaintiffs that there had been material changes in the plan since 2003; failed to provide evidence that premium payments were "passed through" to the insurer for tax purposes; and enrolled plaintiffs in an HRA that was virtually worthless to them, without plaintiffs' consent. (5) Defendants converted plaintiffs' March 2005 premium payment for health care coverage to their own use. In addition, (6) plaintiffs pled a representative action under California Business & Professions Code §17200 et seq. for unlawful, deceptive, or fraudulent business practices with regard to wages and benefits.

Plaintiffs prayed for: compensatory damages, general and special damages, restitution and disgorgement of profits due to defendants' unlawful business practices, exemplary and punitive damages, penalties pursuant to Labor Code §203, prejudgment interest as provided by law on all amounts claimed, reasonable attorneys fees and costs pursuant to Labor Code §218.5, costs of suit, and such other and further relief as the Court may deem just and proper, all to be proved at trial. The *gravamen* of the remedies requested sound in equity.

On December 17, 2007, invoking the diversity jurisdiction statute, 28 U.S.C. §1332, defendants removed this case to the Southern District of California. Plaintiffs hereby move to remand, based on defendants' procedural violations of 28 U.S.C. §1446(b), and defendants' failure to demonstrate by a preponderance of the evidence that plaintiffs meet the amount-in-controversy requirement of $75,000,

exclusive of interest and costs, required for original jurisdiction pursuant to 28 U.S.C. §1332.

II. 4ACCESS FAILED TO TIMELY FILE FOR REMOVAL WITHIN 30 DAYS AFTER RECEIPT OF SUMMONS AND COMPLAINT BY SERVICE, PURSUANT TO 28 U.S.C. §1446(b).

Under federal removal statute, "any civil action brought in a State court of which the district courts of the United States have jurisdiction, may be removed by the defendant(s)… to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). This provision is not limited to federal question jurisdiction, but also extends to those actions in which original jurisdiction exist on the basis of diversity of citizenship. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987). The diversity statute provides that "district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between [c]itizens of different States." 28 U.S.C. 1332 (a)(1). The burden falls on the removing defendants to demonstrate the federal district court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).

There are two thirty-day periods during which a case may be removed under 28 U.S.C. 1446(b). The first states, *inter alia*, that the notice of removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief…." 28 U.S.C. 1446(b). The second paragraph of 28 U.S.C. 1446(b) further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.…" *Id.*

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 100-107 (1941). Therefore, if a case meets the requirements for removal when it is first filed in state court, the defendant must file a notice of removal within thirty days of being properly served with a summons and complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351 (1999).

At issue is the point at which defendant 4Access was "properly served" with summons and

1  complaint. Rule 4(e) of the Federal Rules of Civil Procedure, states in pertinent part: "Unless otherwise
2  provided by federal law, service upon an individual from whom a waiver has not been obtained and
3  filed, may be effected in any judicial district of the United States: (1) Pursuant to the law of the state in
4  which the district court is located…." Fed. R. Civ. P. 4(e)(1).

5  On October 30, 2007, copies of the Summons and Complaint, 2 copies of the Notice and
6  Acknowledgement of Receipt of Summons, Proof of Service of Summons, a self-addressed, stamped
7  envelope, and all other necessary documents, were served by mail on both Steven Davis, President and
8  CEO of 4Access Communications Co., and CSC Lawyers Incorporating Service (CSC), 4Access' Agent
9  for service of process in California. (Exhibits pp. 4-6.) The envelopes were posted by Patricia Flynn,
10 who is over age 18 and not a party to the suit, by first-class mail, postage prepaid, with return receipt
11 requested. The contents of both envelopes were identical in all respects except one: On the Proof of
12 Service of Summons sent to Davis, both boxes in part 5 c were marked, indicating that receipt of service
13 could be determined pursuant to California Code of Civil Procedure §415.30 or §415.40. See Cal. Code
14 Civ. Proc. §§415.30, 415.40 (2007). (Exhibits pp. 5, 6.) It is not unlawful to attempt service on a
15 defendant by more than one means, simultaneously; although plaintiffs can't recover the costs of doing
16 so unless they previously allowed defendants an opportunity to comply with Cal. Code Civ. Proc.
17 §415.30.

18 Under Cal. Code Civ. Proc. §415.30(c), "service of summons … is deemed complete on the date
19 a written acknowledgment of receipt of summons is executed." However, the face of the Notice and
20 Acknowledgement of Receipt of Summons clearly states, in pertinent part: *"…Your failure to complete*
21 *this form and return it within 20 days from the date of mailing shown below may subject you … to*
22 *liability for the payment of any expenses incurred in serving a summons on you in any other manner*
23 *permitted by law."* (Emphasis mine.) Joseph Heery, Chief Financial Officer for 4Access, signed the
24 return postal receipt for the envelope addressed to Davis on November 2, 2007. (Exhibits p. 7.) Heery
25 did not complete the Acknowledgement of Receipt of Summons until 40 days after receipt, on
26 December 12, 2007. (Exhibits p. 9.)

27 After November 19, 2007, the plaintiffs were free to effect service in any other manner permitted
28 by law, including defendants' simultaneous service by mail pursuant to Cal. Code Civ. Proc. §415.40.

Section 415.40 provides that the date of mailing is determinative of actual receipt: "Service of summons is deemed complete on the 10th day after such mailing." Cal. Code Civ. Proc. §415.40.

In their evaluation of the "Frezza Declaration" Supporting Certificate of Progress, defendants appear to have conflated the requirements for "effective" or "completed service" pursuant to Cal. Code Civ. Proc. §415.40, with the "proof of service" required under Cal. Code Civ. Proc. §417.20 for plaintiffs to obtain a default judgment. (Exhibits pp. 1-3 and p. 8.) Compliance with Cal. Code Civ. Proc. §417.20 is not a prerequisite for completion of service. "Service is effected on the date of mailing of a summons in the form provided for in section §415.40."[1] In paragraph 10 of the Frezza Declaration, plaintiffs' counsel clearly stated that the service complied with Cal. Code Civ. Proc. §415.40, and attached copies of the supporting returned postal receipts slips. (Exhibits p. 7.) In addition, paragraph 11 of the Frezza Declaration indicated that Joseph Heery, 4Access' CFO, was an appropriate person to receive service on behalf of the defendant corporation, pursuant to Cal. Civ. Proc. Code §416.10. (Exhibits p. 3) However, corporate fiduciaries are not necessarily interchangeable. By signing and returning the Acknowledgment of Receipt of Service of Summons on December 12, 2007, Joseph Heery, the CFO who also signed the return postal receipt for the service by mail, provided competent evidence that he was authorized to bind the defendant corporation, and that 4Access had been served as of November 9, 2007. (Exhibits p. 9.)

The U.S. Supreme Court's decision in *Murphy Bros.* bemoans the fate of foreign corporations who might be forced to defend lawsuits in state courts by plaintiffs who "dodge the [notice] requirements of international treaties." *Murphy Bros.*, 526 U.S. at 356. However, "there are significant policy reasons for placing the burden of proper internal document delivery on corporate defendants rather than with plaintiffs. To rule otherwise would enable virtually every foreign [or out-of-state] corporate defendant on whom service by mail is attempted to avoid service by allowing other employees to sign the return postal receipts, and claim that the [appropriate officer] never received the documents."[2]

---

[1] *Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 252 (1985).

[2] *Cruz v. Fagor America, Inc.*, 146 Cal. App. 4th 488, 510 n.7 (2007).

Consequently, defendant's removal was improper because they failed to timely remove within thirty days of receipt of the summons and complaint through service, pursuant to 28 U.S.C. §1446(b).

### III. DEFENDANTS FAILED TO SHOW HOW THE "OTHER PAPER" RELIED UPON TO START THE SECOND THIRTY-DAY PERIOD FOR REMOVAL PURSUANT TO 28 U.S.C. §1446(b) ENABLED THEM TO "ASCERTAIN" THAT PLAINTIFFS' INDETERMINATE PLEADING HAD "BECOME REMOVABLE."

The first thirty-day window for removal under 28 U.S.C. §1446(b) "starts to run from the defendant's receipt of an initial pleading [that] affirmatively reveals on its face" the facts necessary for federal court jurisdiction. *Harris v. Bankers Life and Casualty Co.,* 425 F.3d 689, 691 (9th Cir. 2005) citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The second thirty-day window for removal applies when "the case stated by the initial pleading is not removable." 28 U.S.C. §1446(b). Defendants will invariably argue that the plaintiff's initial pleading is "indefinite," and thus not removable. Under such circumstances, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…" 28 U.S.C. §1446(b). "Even if a case were not removable at the outset, if it is rendered removable by virtue of a change in parties or other circumstances revealed in a newly-filed paper, then the second thirty-day window is in play." *Harris v. Bankers Life and Casualty Co.,* 425 F.3d 689, 694 (9th Cir. 2005).

Removal of civil actions requires that the district court for the appropriate district and division be capable of asserting original jurisdiction. 28 U.S.C. 1441(a). In this case, original jurisdiction would require complete diversity between plaintiffs and defendants, and an amount in controversy equal to or greater than $75,000, exclusive of costs and interest. 28 U.S.C. 1332.

In defendants' Notice of Removal, counsel for 4Access claims reliance on the filing of the "Frezza Declaration" as the "other paper" triggering the second thirty-day window for removal. There is no reference "within the four corners" of this subsequent document to issues bearing on diversity or amount in controversy. *Harris,* 425 F.3d at 695, citing *Lovern v. General Motors Corp.,* 121 F.3d 160, 162 (4th Cir. 1997). In asserting jurisdiction for removal, defendants relied exclusively on the plaintiff's initial pleading and the Heery Declaration. As noted previously, paragraph 10 of the Frezza Declaration

indicates that 4Access was properly served on November 9, 2007, pursuant to Cal. Civ. Proc. Code §415.40.

Thus, removal is improper because the Frezza Declaration relied upon by 4ACCESS did not provide jurisdictional information beyond that contained in the initial pleadings "from which it may first be ascertained that the case … had become removable," pursuant to 28 U.S.C. 1446(b).

IV. DEFENDANTS FAILED TO SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT AT LEAST ONE PLAINTIFF SATISFIED THE AMOUNT IN CONTROVERSY REQUIREMENT REQUIRED FOR JURISDICTION UNDER 28 U.S.C. §1332.

Barring procedural violations, 4Access properly removed if the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. §1332. "Jurisdictional facts are assessed on the basis of plaintiff's complaint at the time of removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). As in the instant case, "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 682-83 (9th Cir. 2006); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839 (9th Cir. 2002). The amount in controversy includes the amount of damages in dispute as well as attorneys fees, if authorized by statute or contract. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Where doubt regarding the right to removal exists, a case should be remanded to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

"Courts are not required to conduct an inquiry into the subjective knowledge of defendants. Rather, we will allow reliance on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Harris,* 425 F.3d at 695, citing *Lovern v. General Motors Corp.,* 121 F.3d 160,162 (4th Cir. 1997).

In this case, the "four corners of the initial pleading" include the six exhibits which were incorporated by reference into the complaint in their entirety. Between the complaint and the exhibits, defendants could determine: The stipulated amount of earned unpaid wages is $11,875. (Complaint, Ex. 5.) The offset against the unpaid wages owed to 4Access for health insurance premiums as per agreement in is $11,185 (Complaint, Ex. 4.) Mr. Bassel's anticipated bonus is approximately 15% of his

former salary, or $15,000. (Complaint, ¶ 20.) And the Labor Code §203 penalties are $10,960. (Complaint, Ex. 1.) The Ninth Circuit held in *Cohn* that "[a] settlement is relevant evidence of the amount in controversy if it appears to reflect a reasonable value of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (*per curium* order). [3] Exhibit 6 is a demand letter, requesting return of plaintiff's check for March 2005 health insurance premiums, which sum was never passed through to the insurer. It also demands a sum in settlement of $41,038, which reflected information made available to plaintiffs at that time, and corresponds to the reasonable value of Counts 3, 4, 5 and 6 in the plaintiff's complaint, including any exemplary or punitive damages. (Complaint, Ex. 6.) Penalties for violation of California Business and Professions Code §17206.1 are not ascertainable from the face of the complaint, but are a discretionary $2,500. Plaintiff's attorney is appearing *pro se,* so attorney's fees should be nominal. Attorneys fees incurred to date are a princely $600. The total of these sums do not meet the jurisdictional threshold for diversity. 28 U.S.C. §1332.

Defendants' "Conclusory allegation[s] neither overcome the 'strong presumption' against removal jurisdiction nor satisfy [their] burden of setting off in the removal petition the underlying facts supporting the assertion that the amount in controversy exceeds" the jurisdictional minimum. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defense claims that the disgorgement and restitution sought by the Bassels pursuant to California Business and Professions Code §17200 would likely exceed $75,000, which satisfies the jurisdictional amount set forth in 28 U.S.C. 1332(a). However, this case involves two plaintiffs, each having legally distinct rights, who have suffered different harms from the same contracts. *Gibson v. Shufeldt*, 122 U.S. 27, 30 (1887); *See also, Oliver v. Alexander,* 31 U.S. 143 (1832). Mr. Bassel's affected rights sound primarily in contract; Mrs. Bassel's affected rights sound primarily in tort. In *Snyder v. Harris*, 394 U.S. 332 (1969), a class action, the Court held that multiple plaintiffs may aggregate their claims only where they "unite to enforce a single title or right in which they have a common and undivided interest." *Id.* at 335. "The character of the interest asserted depends on the source of the plaintiffs' claims. If the claims

---

[3] The court in *Cohn* rejected the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy. Rule 408 disallows the use of settlement to prove "liability for or invalidity of the claim or its amount." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.3 (9th Cir. 2002).

are derived from rights they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct." *Eagle v. Am. Tel. & Tel. Co.,* 769, F.2d 541, 546 (9th Cir. 1985).

Defense counsel's Notice of Removal also cites *Mangini v. R. J. Reynolds Tobacco Co*., 793 F.Supp. 925, which states that in several non-class actions, "the amount in controversy has been measured … by the cost to the defendant if the relief is granted." *Id.* at 928. Several district courts have held that a claim for disgorgement falls within the common and undivided interest exception to the non-aggregation rule. *See, e.g., In re Microsoft Corp. Antitrust Litig*., 127 F.Supp.2d. 702, 720 (D.Md. 2001) Other cases base their holdings on the premise that "disgorgement is a form of relief separate from and independent of individual damage recovery, and that disgorgement inures to the benefit of the class rather than the vindication of personal rights. See, *Arnold v. General Motors Corp.,* 1998 WL827726 at *2 (N.D. Cal. Nov. 18, 1998) Relying on *Snow v. Ford Motor Co*., 561 F.2d 787, 790 (9th Cir. 1977).

The Ninth Circuit held that "It is not clear that the court should consider the Defendant's costs in determining the amount in controversy.… "[W]here the equitable relief sought is but a means through which the individual claims may be satisfied, the ban on aggregation applies with equal force to equitable as well as the monetary relief. " *Surber v. Reliance National Indemnity Co*., 110 F.Supp. 1227, 1232-33 (N.D. Cal 2000) (quoting *Snow v. Ford Motor Co*., 561 F.2d 787, 789 (9th Cir. 1977)).

In the present case, "the equitable relief sought will require 4Access to change its business practices in the future, with respect to [balancing the corporate books on the backs of employees by withholding wages and failing to deliver promised health insurance benefits.] It is a means through which the rights of individual [employees and plan beneficiaries] will be protected under California law, (*Snow, supra*, 561 F.2d at 791), and aggregation is accordingly inappropriate."

V.   DEFENDANTS SHOULD BE TAXED FOR PLAINTIFFS "JUST COSTS AND ANY ACTUAL EXPENSES, INCLUDING ATTORNEYS FEES," FOR NEEDLESSLY ADDING TO THE TIME AND COST OF LITIGATION.

Pursuant to 28 U.S.C. 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." An award of attorney's fees to compensate the counsel who is successful in his remand for his efforts is appropriate when the Court determines removal was not legally supported. *Ansley v. Ameriquest Mtg. Co.,* 340 F.3d

858, 864 (9th Cir. 2003). There is no requirement that the removal have been made in bad faith to justify an award of attorneys' fees. *Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 448 (9th Cir. 1992). An attorney fee award will only be reversed if the determination to remand supporting the fee award was not correct as a matter of law. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 959 (9th Cir. 2001). Counsel for plaintiffs, Barbara M. Frezza, has expended a total of 14.5 hours reviewing defendants' Notice of Removal, researching relevant law, and drafting plaintiffs' Motion for Remand. Ms. Frezza's fee for non-complex employment and benefits issues is $150.00 per hour. (Declaration of Barbara M. Frezza, Supporting Request for Just Costs and Attorney Fees, ¶2.) Ms. Frezza is a solo practitioner; no support staff costs were incurred in preparing this Motion. Plaintiffs will also incur costs for filing this Motion, responding to briefs in opposition and attending any hearings on the matter. Accordingly, plaintiffs respectfully request an award of attorneys fees in their favor, and against 4ACCESS and its counsel of record, Squire Sanders, in the amount of $2,925.00.

## VI.   CONCLUSION

Based upon the foregoing points and authorities, defendants did not comply with either 30-day period for removal pursuant to 28 U.S.C. §1446(b), and plaintiffs six causes of action do not satisfy the amount in controversy requirement of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. §1332. Thus diversity jurisdiction is absent and removal is inappropriate. Plaintiffs respectfully request remand. Plaintiffs further respectfully request that defendants be taxed just costs and attorneys fees required to secure the correction of defendants' improper removal.

Dated this 18th day of January, 2008

By:    s/ Barbara M. Frezza
          Attorney for Plaintiffs
          frezzalaw@ix.netcom.com