Douglas J. Rovens (State Bar # 106582)
drovens@ssd.com
Jeffrey S. Renzi (State Bar # 221963)
jrenzi@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
555 S. Flower St., 31st Floor
Los Angeles, CA 90071
Telephone:    (213) 624-2500
Facsimile:    (213) 623-4581

Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BASSEL and BARBARA BASSEL,<br><br>            Plaintiffs,<br><br>    vs.<br><br>4ACCESS COMMUNICATIONS CO. and DOES 1 through 10,<br><br>            Defendants. | Case No. 3:07cv02346-L (JMA)<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Assigned to:  Hon. M. James Lorenz<br>Court Room:  14<br>Date:          February 25, 2008<br>Time:          10:30 a.m. |

TO:    Clerk of Court

United States District Court for the Southern District of California

Defendant 4Access Communications Company ("4Access"), for its Opposition to Plaintiffs' Motion to Remand ("Motion"), states:

I.    **INTRODUCTION**

Plaintiffs filed a tardy Motion, in which they accuse 4Access of filing an untimely Notice of Removal. Beyond waiving any claim of a procedural defect by failing to act in a timely manner, Plaintiffs are simply wrong. Plaintiffs also claim in their Motion that the amount in controversy is less than $75,000, yet they refuse to stipulate to that sum. The Removal in this

matter is proper, and for the reasons set forth below, Plaintiffs' Motion should be denied.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Motion for Remand Should be Stricken as Untimely Filed.

"A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). 4Access' notice of removal was filed on December 17, 2007. Plaintiffs' motion for remand was not filed until Friday, January 18, 2008, some 32 days later. The statute is clear that, if based on a defect other than jurisdiction, remand may only be effected through a timely motion. Accordingly, Plaintiffs' motion for remand must be stricken as untimely filed and all of Plaintiffs' procedural arguments must be ignored.

### B. 4Access Timely Filed the Notice of Removal

Where a party may remove an action based on the "face of a complaint," a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise." 28 U.S.C. § 1446(b). The service of the complaint triggers the commencement of the period for removal. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999). The effective date of service is determined by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.* 428 F.3d 206, 210 (5th Cir. 2005).

In the instant matter, Plaintiffs chose to serve 4Access pursuant to California Code of Civil Procedure Section 415.30, utilizing "Notice and Acknowledgment of Receipt" forms. Those forms notified 4Access that the "summons is deemed served on the date of the execution of an acknowledgement of receipt of summons" on the forms. (Notice of Removal, Exh. 4). An officer for 4Access executed the forms on December 12, 2007, effecting service of 4Access on that date. Cal. Code Civ. Proc. § 415.30. As such, 4Access timely removed the matter.[1]

---

[1] As of November 30, 2007, Plaintiffs admitted that they had not yet effected service of the summons and complaint on 4Access. (Notice of Removal, Exh. 2 at 3:14-17). Plaintiffs now contend they "simultaneous[ly]" served 4Access pursuant to California Code of Civil Procedure Sections 415.30 and 415.40. Such a posture is specious and contravenes the explicit language of the notice set forth in Section 415.30, which instructs a defendant that it is not deemed served until they sign the form, and that they may be subsequently served (and forced to pay related costs) if the defendant fails to sign the form within 20 days. *See* Cal. Code Civ. Proc. § 415.30. Plaintiffs admit that after November 19, 2007, they "were free to effect service in any other manner permitted by law" (Motion at 4:26-27), yet Plaintiffs failed to attempt another form of service on 4Access after that date.

### C. **This Court has Diversity Jurisdiction**

In order to remove an action on the basis of diversity jurisdiction, the removing party must show that no defendant is a citizen of the same state as any plaintiff and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (quoting 28 U.S.C. § 1332(a)). The amount in controversy for diversity cases must exceed $75,000, and "[i]t must appear to a legal certainty that the claim is really for less than [$75,000] to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S 283, 289 (1938); *see also* 28 U.S.C. Sec. 1332(a). The jurisdictional minimum includes "claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages if recoverable as a matter of law." *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp 1196, 1198-99 (N.D. Cal. 1998).

Here, Plaintiffs do not affirmatively allege that any of their claims, individually or in the aggregate, seek a sum or value in excess of $75,000 exclusive of interest and costs. However, common sense dictates that there is a legal certainty that Plaintiffs' claims will exceed $75,000. As 4Access' Notice of Removal observes, Plaintiffs' first cause of action exceeds $25,000; the second cause of action claims a violation of Section 201 of the California Labor Code for which Plaintiff, if successful, would be awarded compensatory damages, statutory penalties and attorneys fees; the third cause of action seeks $8,000 in compensatory damages and punitive damages; and the sixth cause of action seeks "disgorgement" and "restitution" pursuant to California Business & Professions Code § 17200, *et seq*. Because these claims, in the aggregate, exceed the jurisdictional limit of $75,000, the jurisdictional amount in controversy set forth in 28 U.S.C. § 1332(a) is satisfied. *See Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 928 (N.D. Cal. 1992).

Moreover, in order to document whether Plaintiffs truly sought a sum or value less than $75,000 exclusive of interest and costs, 4Access' asked Plaintiffs to stipulate that their claims do not exceed $75,000. (Declaration of Jeffrey S. Renzi ("Renzi Decl."), Exh. A). 4Access received a written response from Plaintiffs' counsel, rejecting the stipulation. (Renzi Decl., Exh. B). Quite

clearly, Plaintiffs intend to seek a sum or value in excess of $75,000.[2] Accordingly, the elements of diversity of citizenship and amount in controversy are met such that Plaintiffs' motion for remand should be denied.

### III. CONCLUSION

4Access' removal was filed within 30 days of the effective service of the summons and complaint. On the other hand, Plaintiffs did not timely seek to remand this case to state court. Further, Plaintiffs acknowledged in a letter that they intend to seek a sum or value in excess of $75,000. Even without the letter, it is clear that Plaintiffs' claims, in the aggregate, are certain to exceed $75,000.

Dated: February 11, 2008           SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____s/ Jeffrey S. Renzi_____
        Jeffrey S. Renzi
Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

---

[2] In their Motion, as part of their argument that the amount at issue does not exceed $75,000, Plaintiffs claim that the attorneys fees "to date are a princely $600." (Motion at 8:8). Inexplicably, in their claim for costs, Plaintiffs' contend that their attorneys fees incurred for the Motion exceed $2,900. (Motion at 10:7-9). Of course, Plaintiffs are not automatically entitled to attorney fees even if the Court grants their Motion, as such awards are discretionary. U.S.C. 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").