Barbara M. Frezza, S.B. No.: 231176
Attorney at Law
P.O. Box 12214
LA Jolla, CA 92039-2214
Phone: (858) 558-9458
FrezzaLaw@ix.netcom.com

Attorney for Plaintiffs and In Propria Persona
LARRY BASSEL & BARBARA BASSEL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BASSEL and BARBARA BASSEL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>4ACCESS COMMUNICATIONS CO.,<br><br>and DOES 1 through 10<br><br>　　　　Defendants. | Case No.: 3:07-cv-02346-L (JMA)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>**[Attorney Declaration and Supporting documents filed concurrently.]**<br><br>Date: February 25, 2008<br>Time: 10:30 a.m.<br>Dept.: 14<br>Judge: Hon. M. James Lorenz |

TO:  Clerk of Court

United States District court for the Southern District of California

　　　Plaintiffs Larry Bassel and Barbara Bassel, in their Reply to Defendants' Opposition to Plaintiffs' Motion to Remand ("Opposition to Remand"), state:

## I.　　**INTRODUCTION**

　In their Opposition to Remand, Defendant 4Access Communications Company ("4Access") fails to demonstrate, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs.

## II.  **JURISDICTION**

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between… citizens of different states.… 28 U.S.C. §1332(a). Plaintiffs have stipulated to diversity of citizenship. (Motion at 2:1-4).

Timeliness is generally not an issue with regard to remand for jurisdictional deficiencies. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Courts may consider post-removal evidence to clarify the amount in controversy at the time of removal. *Edison v. USAA Casualty Ins. Co.,* 2006 WL 1806188 (W.D. Wash. 2006).

### A. 4Access failed to prove remedies sought by Plaintiffs will exceed $75,000.

A defendant seeking to remove to federal court bears the burden of establishing federal jurisdiction, including any amount in controversy requirement. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). In 4Access' Opposition to Remand, Defense's summation of the various remedies for plaintiffs' claims explores heretofore uncharted topology in mathematics. It overlooks the fact that plaintiffs must plead as many theories supporting the same claim for relief in their initial claim that they reasonably believe their evidence will support, to avoid the bar of res judicata. *Western Sys. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992). In addition, California adheres to the "primary rights" theory; pleading the same nucleus of operative facts in separate claims—such as in tort and under statute—that allege the same invasion to a primary right, will lead to only one recovery if both are proved by the evidence. *See Monterey Plaza Hotel Ltd. v. Local 483 of the Hotel Employees and Rest. Employees Union,* 215 F.3d 923, 927 (9th Cir. 2000); *Agarwal v. Johnson,* 25 Cal. 3d. 932, 954 (Cal. 1979). Absent a showing of necessary malice or oppression, a plaintiff will rarely be permitted to recover both punitive damages and statutory penalties characterized as having a punitive purpose. *Greenberg v. Western Turf Assn.,* 140 Cal. 357, 364 (Cal. 1903). Punitive and exemplary damages are awarded solely at the discretion of the Court.

4Access also implies in its Notice of Removal that, should Plaintiffs prevail in their Business & Professions Code §17200 claim seeking disgorgement and restitution, such remedies would cost 4Access an amount in excess of the jurisdictional minimum. (Notice of Removal 3:7-28) (Referencing *Mangini v. R.J. Reynolds Tobacco Co.,* 793 F. Supp. 925, 928 (N.D. Cal. 1992)). 4Access has yet to provide proof of these damages.

4Access misreads the burden of proof required in *St. Paul Mercury Indemnity Co. v. Red Cab Co.* as requiring the Plaintiffs to demonstrate to a "legal certainty" that their claims are less than $75,000 to justify dismissal. (Opposition to Remand 3:5-7). Putting this quote in context provides clarity: "In diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction: In cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal... . A different situation is presented in the case of a suit instituted in state court and thence removed." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938).

Where the case does not specify the amount of damages sought, the removing defendant must provide by a preponderance of the evidence that the amount requirement has been met. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Contrary to Defendants' views, Plaintiffs are not required to stipulate to anything, nor do they have to prove anything to 4Access. Arguably a Plaintiff adopts this stance at her peril if there is a possibility that Defendants can provide adequate proof to support removal. However, the only "evidence" provided by 4Access that allegedly supports their jurisdictional claims is an e-mail from Plaintiffs' counsel referencing an attachment which is omitted. (Renzi Decl. Exh. B).

Plaintiffs' pleading is indeterminate because they have not yet had the opportunity to avail themselves of discovery. 4Access possesses certain records that are necessary to provide a more accurate assessment of Plaintiffs' damages. 4Access has, and at all times material to this case has had, attorneys and other fiduciaries who are able to provide evidence supporting their factual contentions regarding costs of disgorgement and restitution in excess of the amount in controversy required for diversity jurisdiction. In cases such as this, there is a presumption against removal jurisdiction which applies with great force to a defendant's arguments that the complaint frames an amount in controversy

exceeding the jurisdictional minimum. *Gaus*, at 980 F.2d at 566. 4Access must provide more than conclusory allegations if they wish to defeat remand. This they have repeatedly failed to do.

**B. 4Access' request for stipulation**

In their Notice of Removal, Defendant 4Access insists that their case was removable because "it is apparent that the damages sought by Plaintiffs, and, therefore, the amount in controversy, exceeds $75,000 for the following reasons…. [Indeterminate math omitted]." (Notice of Removal at 3:8-10). Yet in their Opposition to Remand, 4Access argues that the failure of Plaintiffs' counsel to stipulate that the amount in controversy is less than $75,000 should be accepted as proof that Defendants have adequately demonstrated the amount in controversy requirement. These arguments are legally inconsistent.

The acceptance by the court of stipulations "applies only when the complaint does not state a removable case, not when the plaintiff files an action that is removable and then changes the status of the case to defeat removal." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp 1305, 1309 (E.D. Ky. 1990) The court in *Cole* emphasized its decision to accept a stipulation where the removal was based on speculated damages was consistent with the weight of federal authority that plaintiffs should not be able to remand cases simply by stipulating to reduced damages, because it was apparent that the plaintiffs claims would not rise above the jurisdictional minimum *before* removal. [Emphasis added.] Had Plaintiffs' counsel agreed to 4Access' stipulation, it would appear as though she were attempting to defeat 4Access' claim to an allegedly legitimate basis for removal jurisdiction.

Furthermore, it is established that a refusal to stipulate to damages below the jurisdictional floor is not even persuasive in evaluating the amount in controversy in a complaint. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998); *Valle v. State Farm Mutual Automobile Ins.*, 1997 WL 564047 (N.D. Cal. 1997).

Plaintiffs therefore object to the admission of Defense's evidence, Renzi Decl. Exh. B, on the grounds that it is irrelevant; it is hearsay; and because acceptance of such broadly drawn terms as those extended in Defense counsel's letter, Renzi Decl. Exh. A, would be considered an invitation to malpractice in any other attorney-client relationship. Fed. R. Evid. §§401, 402, 408, 801.

### III. SANCTIONS

Defense notes correctly that: despite Plaintiffs' allegation that their attorneys fees to date are $600, (Motion at 8:8), "[i]nexplicably, in their claim for costs, Plaintiffs contend that their attorneys fees incurred for the motion exceed $2,900." (Opposition to Remand at 4:25-27, citing to Motion at 10:7-9). Plaintiffs "incurred" $600 in legal fees to other counsel related to this case.

Absent a contractual obligation between parties to pay attorneys fees, California law ordinarily does not allow for the recovery of attorneys fees. *Trope v. Katz,* 45 Cal. Rptr. 2d 241, 244-45 (Cal. 1995). The court in *Trope v. Katz* held that attorneys who opt to represent themselves, *in propria persona*, are not entitled under California Civil Code §1717 to recover attorneys fees incurred in litigation. *Trope,* 45 Cal. Rptr. 2d at 254. Section 1717 was enacted to provide for mutuality of remedy when a contract makes recovery of attorneys fees available only to one party. *Trope,* 45 Cal. Rptr. 2d at 249. The court in *Trope* reasoned that an attorney representing himself does not become liable to pay fees to another, and therefore does not "incur" fees within the meaning of section 1717. Rather an *in propria persona* attorney incurs only "opportunity costs," *i.e.,* the costs of time spent preparing his case that could have been spent representing other clients. *Trope,* 45 Cal. Rptr. 2d at 280, 283. The court concluded that the purpose of section 1717, mutuality of remedy, would be thwarted if attorneys litigating *in propria persona* were permitted to recover fees, while non-attorney *pro se* litigants were not, even with a contractual attorneys' fees provision. *Trope,* 45 Cal. Rptr. 2d at 285. Trope's overriding concern about non-attorney *pro se* litigants is not a factor in this case.

The Supreme Court's decision in *Kay v. Eherler* is in accord with *Trope v. Katz*, but for different reasons. "The word attorney assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under §1988." *Kay v. Ehrler,* 499 U.S. 432, 435-36 (1991). Plaintiffs' counsel does represent at least one other client in addition to herself. *DiPaolo v. Moran* applied *Kay* to Rule 11 and 28 U.S.C. §1927, to deny attorney's fees to a *pro se* attorney-defendant. *DiPaolo v. Moran,* 277 F. Supp. 2d 528, 536 (E.D. Pa. 2003). Thus, the Supreme Court in Kay appears to confirm the general rule that *pro se* litigants—whether attorneys or not—cannot recover statutory attorneys fees under Rule 11.

The court's holding in *Trope v. Katz* was intended to promote fairness. The public policy underpinning *Kay v. Ehrler* is to insure effective prosecution of meritorious civil rights cases, free from emotional bias or personal constraints. In an ideal world, everyone would be able to afford independent counsel. The sad fact is that justice is extremely expensive—even for an attorney. And while both sides are technically represented by counsel, the playing field is hardly level. The purpose of fee awards under Rule 11 sanctions is arguably punitive: for "effective deterrence," rather than compensatory for an attorney's "opportunity cost." Fed. R. Civ. P. Rule 11 (c)(2). The removal/remand process adds months to an otherwise non-complex cause of action, often requires that Plaintiffs hire new attorneys, and increases costs exponentially. Fed. R. Civ. P. Rule 11(b).

This Court has made it abundantly clear in its Motion to Strike issued on January 17, 2008 that Plaintiff's counsel could be sanctioned for docketing errors. (Case No.: 3:07-cv-02346-L (JMA) Document 8, Filed January 17, 2008). Plaintiffs respectfully request that this Court be similarly vigilant with regard to potential abuses of jurisdiction or procedure that serve primarily to impede fairness justice and administrative efficiency.

### III.    CONCLUSION

Defense counsel is correct that Plaintiffs acknowledged their intent to plead claims that have arisen since removal. Plaintiffs' motion to amend or supplement the complaint subsequent to Defendants filing of their answer also requires leave of court, which may or may not be forthcoming. 4Access has indicated their intent to oppose any such motions to amend and/or supplement. Unless and until the complaint is amended and supplemented with additional claims, any increase in damages is too remote and speculative to allow as evidence.

4Access has failed to meet its burden in demonstrating that this Court has subject matter jurisdiction. Plaintiffs therefore request remand to the Superior Court of the County of San Diego from which it was removed.

Dated this 15th day of February, 2008

By:   s/ Barbara M. Frezza
Barbara M. Frezza
Attorney for Plaintiffs
LARRY BASSEL &
BARBARA BASSEL
FrezzaLaw@ix.netcom.com