UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BASSEL and BARBARA BASSEL,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>4ACCESS COMMUNICATIONS CO.,<br><br>　　　　　Defendant. | Civil No. 07cv2346-L(JMA)<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING AS MOOT REQUEST FOR RECONSIDERATION and DENYING MOTION FOR COSTS AND EXPENSES [doc #9]** |

　　　　Plaintiffs move to remand the above-captioned case from the State of California, County of San Diego Superior Court. Plaintiffs contend the notice of removal is untimely and defendant has failed to demonstrate the amount in controversy meets the requirement of 28 U.S.C. § 1332(a). [doc #9] The motion has been fully briefed. For the reasons set forth below, the case will/will not be remanded.

**1.　　Legal Standard for Removal and Remand**

　　　　Plaintiffs filed their complaint in the San Diego Superior Court on October 2, 2007 alleging breach of contract, conversion, violation of California Labor Code § 201 and California Business and Professions Code § 17220. Defendant removed the action on the basis of diversity jurisdiction on December 17, 2007.

　　　　The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*,

790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). In addition to jurisdiction on the basis of a federal question, a federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.[1]

Even if the Court has subject matter jurisdiction over the state court action, remand may be based upon a defendant's failure to comply with the procedural requirements of removal.

**3.    Discussion**

**a.    Timeliness of Removal**

Plaintiffs first argue that defendant did not timely remove the action. 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may

---

[1]. Section 1332(a)(1) provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."

>  be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b)

In their reply, plaintiffs appear to have abandoned their argument that defendant's removal was not timely. Instead, plaintiffs focus on whether defendant has established the Court's diversity jurisdiction in this case.

### b.  Diversity Jurisdiction re: Amount in Controversy

Plaintiffs contend defendant has failed to demonstrate by a preponderance of the evidence that plaintiff's meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 to confer jurisdiction on this Court.

Where the amount in controversy is unclear from the face of plaintiff's complaint, the Ninth Circuit has held that "'the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 584, 586-67 (9th Cir. 1992)). Specifically, "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." *Id.* at 404; *see also Abrego Abrego v. Dow Chemical Co. et al.,* 433 F.3d 676, 682-86 (9th Cir. 2006).

Defendant may prove that the amount in controversy exceeds $75,000 in one of two ways: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Plaintiffs' Complaint seek an unspecified total amount of special, general and

compensatory damages; restitution and disgorgement of profits, exemplary and punitive damages; prejudgment interest; and attorney's fees under Labor Code § 218.5. Defendant states that "common sense dictates that there is a legal certainty that Plaintiffs' claims will exceed $75,000." (Opp. at 3). Defendants then note that plaintiffs' first cause of action for breach of contract exceeds $25,000.00 in damages based on the state jurisdictional requirement; the third cause of action for fraud seeks $8,000.00 plus punitive damages; and the fifth cause of action for conversion seeks damages of $1,031.38. These claims do not meet the $75,000.00 amount in controversy requirement. Defendants note that the second cause of action alleging violation of Labor Code § 201 seeks compensatory damages for wages, including salary, vacation pay and bonus, and statutory penalties, prejudgment interest and attorneys' fees. But defendants do not attempt to compute what those damages may be even though the compensatory damages alone should be relatively easy to calculate. Similarly, plaintiffs' sixth cause of action seeks disgorgement and restitution under Business & Professions Code § 172000. Defendants do not provide any calculation for those figures. Merely contending that common sense dictates all of plaintiffs' claims in the aggregate exceed $75,000 is not evidence by which defendants can establish the requisite jurisdictional amount.

      Defendant also argues that plaintiffs refused to stipulate that their claims do not exceed $75,000. But plaintiffs' refusal to so stipulate is insufficient to establish the amount in controversy. "[S]ince a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal." *Conrad Associates v. Hartford Accident & Indemnity, Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998). The burden is on defendant, not the plaintiffs, to prove the amount in controversy. If a plaintiff's refusal to stipulate is sufficient to satisfy that burden, a defendant could force the plaintiff to choose between stipulating against his or her future remedies and remaining in federal court. Defendant has not provided any authority to support its position that plaintiffs' failure to stipulate to the jurisdiction amount meets defendants' burden of proving by a preponderance of the evidence that the $75,000 amount in controversy requirement has been

met.

Defendants have not shown by a preponderance of the evidence that the amount-in-controversy requirement is met in this action. Accordingly, diversity jurisdiction does not support this Court's subject matter jurisdiction over this case and the action will be remanded to the San Diego Superior Court.

### c. Timeliness of Motion to Remand

In its opposition, defendant contends plaintiff's motion to remand was not timely: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

Plaintiffs initially filed their motion for remand on January 16, 2008 – 30 days after defendant filed its notice of removal. But plaintiffs' motion was stricken from the record for various procedural errors. (Discrep. Order filed January 17, 2008 [doc. #8].) Plaintiffs filed a corrected version of their motion to remand on January 18, 2008. Defendant asks the Court to find plaintiffs' motion untimely in this circumstance. The Court declines to do so. Plaintiffs' difficulties occurred because they failed to correctly comply with the Electronic Case Filing Administrative Policies and Procedures Manual ("ECF"). Had the motion and supporting documents been in compliance with the ECF, their motion would have been timely under 28 U.S.C. § 1447(c). The record demonstrates plaintiffs' intent to have their motion filed on January 16, 2008. Although a party is required to be aware of and to comply with the Federal Rules of Civil Procedure, the Civil Local Rules and this district's recent ECF, there is no showing that plaintiffs filing was made in bad faith or in a manner intended to violate the Court's rules. Accordingly, defendant's contention that the Court should deny plaintiffs' motion to remand for untimeliness is rejected. Plaintiffs' request for reconsideration of the Court's discrepancy order striking their initial motion for remand is denied as moot.

### d. Attorneys' Fees and Costs

Plaintiffs argue that an award of attorney's fees is appropriate. Defendant responds that even if plaintiffs' motion for remand is granted, an award of fees and costs is inappropriate

because there were objectively reasonable grounds for removal at the time defendant filed its petition.

When a district court grants a motion to remand, it has wide discretion to "require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Moore v. Permanente Med. Group. Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). The Court exercises its discretion here to deny fees and costs. Although it is true that defendant did not demonstrate the amount in controversy requirement, its position was arguably colorable and there is no evidence that the removal was in bad faith or for the purpose of delaying proceedings.

## Conclusion

Based on the foregoing, plaintiffs' motion to remand is **GRANTED**. Plaintiffs' request for attorneys' fees and costs is **DENIED.** The Clerk of the Court is directed to return this action to the State of California, Superior Court for the County of San Diego, case number 37-2007-76081-CU-OE-CTL.

**IT IS SO ORDERED.**

DATED: May 21, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL